**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-03143-NRN

THE ESTATE OF AMY LYNN CROSS,
by and through its Personal Representative Jennifer Bauder,
V.C., through his guardian, Jennifer Bauder
R.C., through his guardian, Jennifer Bauder
K.C., through her guardian, Lisa McMullen,

Plaintiffs,

v.

TURN KEY HEALTH CLINICS, LLC, *et al.*,

Defendants.

---

**REPLY BRIEF IN SUPPORT OF DEFENDANT TURN KEY HEALTH CLINICS, LLC'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

---

Defendant Turn Key Health Clinics, LLC ("Turn Key"), by and through its counsel of record at SWEET, DEWBERRY, & HUBBARD, PLC, respectfully submits the following Reply Brief in support of its Motion to Dismiss (ECF Doc. 13) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted as a matter of law.

## STATEMENT OF THE CASE

Turn Key hereby adopts and incorporates the Statement of the Case contained in its Motion to Dismiss (ECF Doc. 13) as if set forth fully herein.

## ARGUMENTS AND AUTHORITIES

As set forth more fully in its Motion to Dismiss (ECF Doc. 13), Turn Key is, pursuant to Fed. R. Civ. P. 12(b)(6), entitled to dismiss of this matter, as Jennifer Bauder, as

personal representative of the Estate of Amy Lynn Cross and guardian of V.C. and R.C., and Lisa McCullen as guardian of K.C. ("Plaintiff") have failed to state a claim upon which relief can be granted. Specifically, Plaintiffs have failed to plead sufficient allegations of any specific policy, practice, or custom of Turn Key which was the "moving force" behind the alleged deprivation of the deceased, Amy Lynn Cross's ("Cross"), constitutional rights pursuant to 48 U.S.C. § 1983. Plaintiffs' Response to Turn Key's Motion to Dismiss (ECF Doc. 30) ("Response") does nothing to change this. As such, Plaintiffs have failed to state a claim upon which relief can be granted as to Turn Key, and Turn Key is therefore entitled to dismissal.

Plaintiffs filed suit against Turn Key under § 1983 asserting the only theory available to them with respect to a private healthcare provider contracted to provide services to a state governmental entity: municipal liability under *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). In order to prevail, Plaintiff's must allege facts sufficient to show it is plausible—not just possible that—(1) the municipal employee committed a constitutional violation; and (2) that a municipal policy of custom was the moving force behind the constitutional deprivation. *Jiron v. City of Lakewood*, 392 F. 3d 410, 419 (10th Cir. 2004). Plaintiffs have failed to allege the existence of any specific policy, custom, or practice which directly caused the alleged constitutional deprivation. Accordingly, Plaintiffs have failed to state a claim.

In their Response, Plaintiffs forego identifying any specific policies or customs which could plausibly give rise to a claim of deliberate indifference under § 1983 and instead rely on vague allegations Turn Key does not "prioritize the health and safety of its

patients" and supposed "widespread" delivery of "inadequate medical care", due in part to "financial considerations". Response at p. 7-8. To support these claims, Plaintiff recite a disparate list of wrongdoing by Turn Key's agents alleged to have occurred in this case and other wholly unrelated cases and make generalized and conclusory allegations of improper customs and training. This is simply not enough to survive a 12(b)(6) motion under the heightened pleading regime established by *Bell Atlantic Corp. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

In support for the proposition alleged individual acts OF Turn Key's agents demonstrate a policy or practice giving rise to liability, Plaintiffs rely largely on the pre-*Twombly* and *Iqbal* case of *Starstead v. City of Superior*, 533 F.Supp. 1365, 1369-70 (W.D. Wis. 1982). The plaintiffs in *Starstead* claimed "that each had been intentionally subjected to attack by defendants' police dogs without reasonable cause of their use" and sued the city, police chief, mayor, and two police officers. *Id*., at 1366. To support their *Monell* claim, the *Starstead* plaintiffs "alleged a systematic pattern of misuse of police dogs" and cited "five separate instances involving seven persons" whom had also been allegedly abused by police dogs. *Id*., at 1369.

Setting aside the fact the *Starstead* plaintiffs alleged intentional constitutional depravations, that case is distinguishable on other grounds. The plaintiffs there all sued the same group of people—officials and police officers in one city—alleging the same harmful policy or practice: misuse of police dogs. The seven prior instances also involved the same actors and facts. Here, Plaintiffs have scoured the country for cases that only have one unifying characteristic: Turn Key as a defendant. Notably, none of the cases

cited resulted in judgment against Turn Key and most resulted in dismissal or judgment for Turn Key. Unlike in *Starstead*, Plaintiffs here rely on a litany of different cases involving different facilities, different allegations, different policies and procedures, different contracts, different staff members, all occurring in different counties and states. The disparate elements of each case relied on by Plaintiffs—each with its own facts, claims, and actors—cannot possibly support the inference that the conduct alleged here was the result of some official policy on the part of Turn Key.

Plaintiffs urge this Court to disregard the myriad difference between the cases cited in their Response and, in support thereof, rely on a ruling on a *Motion in Limine* from an unreported case outside the Tenth Circuit. Such authority is simply insufficient to overcome Plaintiffs' failure to establish (1) a constitutional violation by Turn Key and (2) that a Turn Key policy was the driving force behind the violation. Without making a plausible showing of both, Plaintiffs have failed to state a claim.

Having failed to establish a pattern of constitutional violations in like cases sufficient to give rise to the inference such violations result from a Turn Key policy, Plaintiffs next argue that "custom and training may be shown from an individual's unconstitutional actions in recurring situations." Response at 12. In support of this proposition, Plaintiffs rely on *Estate of Lillis v. Bd. of Cty. Comm'rs.*, No. 16-cv-03038-KLM, 2019 U.S. Dist. LEXIS 110978 (D. Colo. July 2, 2019), another unreported case with distinguishable facts.

In *Lillis*, a registered nurse for a correctional healthcare company was sued along with the sheriff and board of county commissioners after an inmate died during pretrial

4

detention. *Id.*, at *1. The nurse heard the inmate, whom had been vomiting and complaining of flu-like symptoms, had fallen from a toilet and was lying on the floor, and instead of immediately providing medical assistance, the nurse watched a videotape of the fall and waited approximately ten minutes prior to providing any medical assistance, at which point the inmate was "on the verge of death." *Id.* at *5. In denying summary judgment, the Court emphasized the fact the inmate needed immediate medical assistance was "glaringly obvious" upon the nurse learning the inmate had fallen. *Id*.

Here, Cross exhibited withdrawal symptoms, received increasingly intensive medical care and treatment for the same without delay during the relevant time period, and no "glaringly obvious" moment could have placed medical staff on notice she was overdosing on the bag of methamphetamine hidden in her vagina. Unlike the nurse in *Lillis* who learned of the fall and delayed care, no one but Cross was aware of the bag of methamphetamine until it was discovered during her autopsy. Had Cross at any point during her time at the Weld County Jail informed staff of the bag of methamphetamine hidden in her vagina, she could have received appropriate care and treatment. Unfortunately, she did not.

## CERTIFICATE OF COMPLIANCE

In compliance with D.C.Colo.LPtR 17(b), Turn Key's Brief in Support of its Motion to Dismiss and this Brief contains a combined total of 7,807 words.

## CONCLUSION

Dismissal of Plaintiffs' claims against Defendant Turn Key Health Clinics, LLC, is appropriate at this time, as Plaintiffs have failed to state a claim against Defendant upon

which relief can be granted under federal law. Therefore, Defendant Turn Key Health Clinics, LLC, prays that this Court grant its motion, dismiss Plaintiffs' federal claim against Defendant, and decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claim. Defendant further moves this Court for any and all such relief as it is entitled under law.

Respectfully submitted,

Alexandra G. Ah Loy, OBA #31210
Tim Campbell, OBA #30513
SWEET DEWBERRY HUBBARD, PLC
24 West Park Place
Oklahoma City, Oklahoma 73103
(405) 601-9400 Office
(405) 601-9444 Facsimile
Email: allie@sdh.law
Email: tim@sdh.law
*Attorneys for Defendant Turn Key Health Clinics, LLC*

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the registered ECF parties of record:

Anna C. Holland-Edwards
Erica Tick Grossman
Rachel Claire Kennedy
Holland Holland Edwards & Grossman P.C.
1437 North High Street
Denver, CO 80218
303-860-1331
Fax: 303-832-6506
anna@hheglaw.com
egrossman@johnhollandlaw.com
rachel@hheglaw.com

*Attorneys for Plaintiffs*

ALEXANDRA G. AH LOY