**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 22-cv-3143-DDD-NRN**

THE ESTATE OF AMY LYNN CROSS,
by and through its personal representative Jennifer Bauder;
V.C., through his guardian, Jennifer Bauder;
R.C., through his guardian, Jennifer Bauder
K.C., through her guardian, Lisa McMullen

    Plaintiffs,

v.

TURN KEY HEALTH CLINICS, LLC
ERICA ALCARAZ, individually,
BEATRIZ ORTIZ, individually,
KRISTIN MILLER, individually,
TERESA SIPOLA, individually,
BOARD OF COUNTY COMMISSIONERS, WELD COUNTY;
SHERIFF STEVE REAMS, in his official capacity;

    Defendants.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling/Planning Conference pursuant to Fed.R.Civ.P. 16(b) is scheduled telephonically for **April 4, 2023**, at **11:00 a.m.**, before Magistrate Judge N. Reid Neureiter.

Appearing for the parties are:

| | |
|---|---|
| Anna Holland Edwards<br>Erica Grossman<br>HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC<br>1437 High Street<br>Denver, CO 80218<br>303-860-1331 | Alexandra G. Ah Loy, OBA #31210<br>Tim Campbell, OBA #30513<br>SWEET DEWBERRY HUBBARD, PLC<br>24 West Park Place<br>Oklahoma City, OK 73103<br>(405) 601-9400 |

| anna@hheglaw.com<br>erica@hheglaw.com<br>*Attorneys for Plaintiffs* | allie@sdh.law<br>tim@sdh.law<br>*Attorneys for Turn Key Defendants* |
|---|---|
| | Matthew J. Hegarty<br>HALL & EVANS, L.L.C.<br>1001 17th Street, Suite 300<br>Denver, CO 80202<br>303-628-3300<br>hegartym@hallevans.com<br>*Attorney for Weld County Defendants* |

## 2. STATEMENT OF JURISDICTION

This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 2201.

This case is instituted in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391 as the judicial district in which all relevant events and alleged omissions occurred and in which Defendants maintain offices and/or reside.

Supplemental jurisdiction is based on 28 U.S.C. § 1367 because the violations of federal law alleged are substantial and the pendent causes of action derive from a common nucleus of operative facts. The state law claims in this matter do not require notice of claims under the Colorado Governmental Immunity Act.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

This case arises out of the tragic and preventable death of 41-year-old Amy Cross at the

Weld County Jail on September 5, 2021 as a result of deliberate indifference to her known serious medical needs. Health care workers knowingly disregarded and ignored her worsening condition and emergent symptoms for over seven hours – symptoms which included chest pain, shaking, erratic agitated behavior, a critically high heart rate, abnormal breathing, being so hot she was laying on the floor shirtless for hours, having seizure like activity, her fingers turning blue, becoming verbally unresponsive, and foaming at the mouth.

Ms. Cross was overdosing on Methamphetamine, but jail health care workers openly disregarded her obvious life-threatening symptoms as she grew increasingly sick and closer to death with each passing hour. Deputies initiated two medical emergency responses and called Medical Defendants multiple times throughout the day and evening trying to get help for Ms. Cross. However, individual Defendants recklessly assumed her symptoms to be fake without any meaningful evaluation. They pre-determined not to send Ms. Cross to the hospital, regardless of her condition, because she was "acting a fool."

Despite obvious emergent symptoms about which Defendants all admittedly knew, despite deputies calling medical codes and pleading for them to actually help, an ambulance was not called until medical staff could no longer find a pulse because Ms. Cross was already dead. Ms. Cross died on the floor of her cell from treatable Methamphetamine toxicity.

Plaintiff Estate has brought claims under 42 U.S.C. § 1983 against individual health care related Defendants for deliberate indifference to her known serious medical needs in violation of the Fourteenth or Eighth Amendment. Plaintiff Estate brought claims against Turn Key Health Clinics, LLC for violations under 42 U.S.C. § 1983 for its deliberately indifferent policies,

practices, habits, customs, procedures, training and supervision of staff, including of individual Defendants, with respect to the provision of medical care and treatment for detainees and inmates with serious emergency medical needs, which caused the underlying constitutional violations complained of herein, and against Weld County under the non-delegable duty doctrine.

Plaintiffs V.C., R.C., and K.C. also brought a claim for state law negligence against Turn Key Defendants.

Plaintiffs assert that the following affirmative defenses asserted by Turn Key related defendants in their answers to Plaintiffs' complaint are without legal or factual basis and should be struck:

- Defendant affirmatively states that any care and treatment provided to Ms. Cross was conducted with the informed consent of all necessary parties. *See e.g.* Oritz Answer Doc. 42, p. 11 Affirmative Defense VII.
- Plaintiffs failed to mitigate damages. *See e.g.*, Ortiz Answer Doc. 42, p. 12 Affirmative Defense XVI.
- Plaintiffs have sued an improper party. *See e.g.*, Ortiz Answer Doc. 42, p. 14 Affirmative Defense XXV.
- "Release", "Waiver", "Laches". *See e.g.*, Ortiz Answer Doc. 42, p. 14 Affirmative Defense XXVI-XXVIII.

Counsel for Turn Key related Defendants has represented they intend to withdraw the following affirmative defenses asserted in their answers to Plaintiffs' complaint:

- In an abundance of caution, Defendant affirmatively states that Plaintiff's Complaint should be dismissed because Plaintiffs have failed to exhaust their administrative remedies pursuant to the provisions of the Prison Litigation Reform Act. *See e.g.*, Ortiz Answer Doc. 42, p. 11 Affirmative Defense V.
- Defendant affirmatively asserts that Plaintiffs' lawsuit is in violation of the three-strikes provision of 28 U.S.C. § 1915(g). *See e.g.*, Ortiz Answer Doc. 42, p. 11 Affirmative Defense VI.

    b.    <u>Defendants</u>:

4

Turn Key Related Defendants: Turn Key Defendants deny that, individually or collectively, they have any responsibility for any harm to Plaintiffs or their Decedent and deny that they violated the Decedent's civil rights in any manner or that they were negligent in their care and treatment of the Decedent. Turn Key Defendants generally and specifically deny each and every material allegation contained in Plaintiff's Complaint, as set forth in their respective responsive pleadings to the Complaint. Defendant Turn Key assert that Plaintiff has failed to properly state a claim against it upon which relief may be granted, including for negligence, wrongful death, and civil rights violations under 42 U.S.C. § 1983, as well as for punitive damages. Turn Key Defendants assert that they did not breach any legal duty owed to the Decedent. Turn Key Defendants generally and specifically deny any intentional tortious actions were committed by them. Turn Key Defendants assert that the Decedent's injuries are the result of preexisting conditions or causes not related to the occurrences alleged in Plaintiff's Complaint. Additionally, Turn Key Defendants assert that the conditions created by the Decedent are the proximate cause of decedent's alleged injuries or damages. Turn Key Defendants assert that Plaintiff has failed to set forth any allegations that would create a material issue of fact as to the requisite culpable state of mind of deliberate indifference on behalf of Defendants. Turn Key Defendants asserts that they was not deliberately indifferent to the medical needs of the Decedent. Turn Key Defendants assert that an award of punitive damages against Defendants would violate its constitutional rights of due process under the Fourteenth Amendment and its Colorado state constitutional counterpart. Defendants asserts that they never participated in any violation of the Decedent's constitutional rights. Defendants assert that Plaintiffs' damages, if any, are the fault of parties over whom these Defendants exercise

5

Case No. 1:22-cv-03143-DDD-SBP   Document 49   filed 04/04/23   USDC Colorado   pg 6 of 20

no control and for whose acts or negligence these Defendants are not responsible. Defendants assert that the Decedent was contributorily/comparatively negligent to a degree sufficient to bar recovery from Defendants. Turn Key Defendants assert that the injuries alleged by Plaintiffs were the result of intervening and superseding causes for which Defendants are not responsible. Defendants asserts that their actions met or exceeded the applicable standard(s) of care. Defendants assert that Plaintiff and the Decedent failed to mitigate damages. Defendants assert that Turn Key did not create, cause, implement, or enforce a policy, custom, or practice that was the moving force behind the Decedent's injuries alleged by Plaintiffs. Defendants assert that all policies, practices, and customs used by Turn Key Defendants with regard to the Decedent were/are constitutional.

<u>Weld County Related Defendants</u>: Weld Defendants deny Plaintiffs state any cognizable claim upon which relief may be granted against them. Weld Defendants also deny Plaintiffs are entitled to any relief sought against them as stated in the operative Complaint. Weld Defendants further deny the bulk of the Complaint's factual allegations in their respective Answers and state affirmatively they acted in accord with all constitutional, common law, statutory, and contractual obligations in relation to Plaintiff and without intent to cause Plaintiff harm. Weld Defendants finally rely on all legal and factual defenses, and on all legal and factual affirmative defenses, asserted in their Answers to Plaintiffs' Complaint. [ECF 39, ECF 40].

**4.         UNDISPUTED FACTS**

The following facts are undisputed:

1.      At all times pertinent hereto, the decedent, Amy Cross, was a citizen of the United States of America and a resident of the State of Colorado.

6

2. At all times pertinent hereto, Defendant Turn Key ("Turn Key") Health Clinics, LLC contracted with Weld County.

3. Turn Key is not a public entity.

4. The Weld County Board of County Commissioners ("BOCC") is the public entity that owns the Weld County Jail.

5. Defendant Sheriff Reams is the elected Sheriff in charge of the WCSO, which is the law enforcement body in charge of operating the Weld County Jail.

6. Defendant BOCC represents, oversees, and sets financial policy for Weld County, Colorado.

7. Defendant BOCC contracted with Defendant Turn Key Health Clinics, LLC to provide the contracted health care services to the inmates at the jail.

8. At all times relevant hereto, Defendant Erica Alcaraz, LPN, was a citizen of the United States and a resident of Colorado and employed by Turn Key.

9. At all times relevant hereto, Defendant RN Beatriz Ortiz was a citizen of the United States and a resident of Colorado and employed by Turn Key Health Clinics, LLC.

10. At all times relevant hereto, Defendant RN Kristin Miller was a citizen of the United States and a resident of Colorado and employed by Turn Key Health Clinics, LLC.

11. At all times relevant hereto, Defendant NP Teresa Sipola was a citizen of the United States and a resident of Colorado and employed by Turn Key Health Clinics, LLC.

12. Amy Cross died on September 5, 2021 at the Weld County Jail.

13. The cause of death listed by the Coroner on Ms. Cross's Death Certificate is

"complications of acute methamphetamine toxicity."

## 5. COMPUTATION OF DAMAGES

**a. Plaintiff**: Appropriate relief at law and equity; declaratory relief and other appropriate equitable relief; economic losses on all claims as allowed by law; compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, loss of companionship and association with family members, and other pain and suffering on all claims allowed by law in an amount to be determined at trial; punitive damages on all claims allowed by law and in an amount to be determined at trial; attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law; pre- and post-judgment interest at the appropriate lawful rate; any further relief that this court deems just and proper, and any other relief as allowed by law.

Plaintiff Estate has suffered injuries and losses, including the death of Ms. Cross, entitling it to recover her compensatory, economic and special damages, including, but not limited to, for loss of constitutional rights, loss of enjoyment of life, and her herein described horrific and terrifying pain and suffering during and leading up this fatal event.

Plaintiffs V.C., R.C., and K.C. have suffered and continue to suffer damages, losses, and injuries in an amount to be determined by the jury at trial. These damages include, but are not limited to, funeral expenses, pain and suffering, upset, grief, loss of society and companionship, impairment in the quality of her life, inconvenience, anger, depression, and all other purely non-economic damages as allowed under the Colorado Wrongful Death Act. These Plaintiffs are therefore entitled to general and compensatory damages for such pain and suffering and emotional

distress and to special damages.

In addition to compensatory, consequential and special damages, Plaintiff Estate is entitled to punitive damages against individual Defendants and Turn Key, in that their actions were taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiffs.

Plaintiffs are also entitled to attorneys' fees and costs, and prejudgment and post-judgment interest and costs as allowable by federal law.

**b. Defendants:**

Defendants do not seek damages at this time, yet still reserve the right to pursue claims for attorney fees and costs of litigation, as appropriate.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting: March 9, 2023.

b.  Names of each participant and party he/she represented:

Anna Holland Edwards for the Plaintiffs;

Tim Campbell for Turn Key related Defendants;

Matthew J. Hegarty for Weld County related Defendants.

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Rule 26(a)(1) disclosures will be made by agreement on March 23, 2023.

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

e. Statement concerning any agreements to conduct informal discovery:

None.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties have agreed to the use of a unified exhibit numbering system and have agreed in a general sense to take all reasonable steps to reduce discovery and other litigation costs. Otherwise, there are no specifically agreed-upon procedures to reduce discovery or litigation costs.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate that this case will involve extensive amounts of electronically stored information ("ESI"). The parties have taken steps to preserve any emails, texts, videos, and other ESI which may exist regarding this matter. The parties agree that all ESI will be produced in electronic form unless production in electronic form is not possible, and the parties agree to exchange ESI in .csv or .xlsx and/or PDF format to the fullest extent feasible. The parties agree to work cooperatively to identify custodians and search terms. The parties agree to each utilize a single Bates labeling system (*i.e.*, one set of Bates numbers for each party group) to identify disclosures and discovery to reduce discovery costs. The parties further agree to work cooperatively to avoid discovery disputes related to electronically stored information and to be guided by the Sedona Principles to resolve any disputes which may arise concerning ESI.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Pursuant to Fed. R. Civ. P. 26(f), the parties discussed the possibility for a prompt settlement or resolution of the case. The parties agreed any further discussions of the sort are premature at this time until further disclosures have been made and discovery have been conducted, as the parties have differing views as to the case's merits. The parties agree that they will continually reassess the prospects of settlement as this case progresses and that appropriate discussions may be entertained following adequate disclosures − including for experts − and discovery in the case in order to make such discussions or a settlement conference an economical use of time and expense.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

<u>With respect to interrogatories:</u>

Plaintiffs may serve 25 interrogatories on Turn Key Related Defendants and 25 interrogatories on Weld County Related Defendants.

Turn Key Related Defendants may serve 25 interrogatories on Plaintiffs.

Weld County Related Defendants may serve 25 interrogatories on Plaintiffs.

Based on undersigned counsel's experience in very similar previous 1983 cases, and especially those alleging an entity claim as well, this is reflective of the amount of discovery necessary. These numbers are based on what undersigned believes is likely to be sufficient to conduct the necessary targeted discovery and will not be used to conduct unnecessary discovery.

<u>With respect to depositions:</u>

The parties shall be limited to 15 depositions per side, ~~in addition to named parties~~ and retained experts.

b.   <u>Limitations which any party proposes on the length of depositions</u>.

The Parties do not propose any modifications to the limitations on the length of depositions except as otherwise provided below. Except as otherwise provided herein, a deposition is limited to one day of seven hours as provided in Fed. R. Civ. P. 30(d)(2), unless the parties otherwise stipulate. The parties agree to limit total testimony taken pursuant to Fed. R. Civ. P. 30(b)(6), per party, to 7 hours total across all designees to the extent possible.

c.   <u>Limitations which any party proposes on the number of requests for production and/or requests for admission</u>.

Plaintiffs may serve 25 Requests for Production of Documents on Turn Key Related Defendants and 25 Requests for Production of Documents on Weld County Related Defendants.

Turn Key Related Defendants may serve 25 Requests for Production of Documents on Plaintiffs.

Weld County Related Defendants may serve 25 Requests for Production of Documents on Plaintiffs.

Plaintiffs may serve 25 Requests for Admission on Turn Key Related Defendants and 25 Requests for Admission on Weld County Related Defendants.

Turn Key Related Defendants may serve 25 Requests for Admission on Plaintiffs.

Weld County Related Defendants may serve 25 Requests for Admission on Plaintiffs.

As the Rules state, the parties agree that these limitations on the Requests for Admission do not include Requests for Admissions concerning authenticity or genuineness of documents. These numbers are based on what undersigned believes is likely to be sufficient to conduct the necessary targeted discovery and will not be used to conduct unnecessary discovery.

  d. <u>Deadline for Service of Interrogatories, Requests for Production of Documents and/or Admissions:</u>

~~December 12, 2023 (~~45 days before proposed discovery cut-off ~~date of January 26, 2024)~~.

  e. Other Planning or Discovery Orders

  1. Consistent with the notion that no opposed discovery motions can be filed with the Court until the parties comply with D.C.COLO.LCivR 7.1(a), if the parties are unable to reach agreement on a discovery issue after such conferral, they shall follow all discovery dispute procedures within the applicable Civil Practice Standards of the District Court or the Magistrate Judge (or both as the case may be) as to the issue. Both of these steps must be completed before any contested discovery motions can be filed with the Court.

  2. Inadvertent production of privileged or work-product protected documents, ESI or information is not a waiver of the privilege or production from discovery in this case or in any other federal or state proceeding. This section shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502.

  3. Nothing contained in this Order is intended to limit, or shall serve to limit, a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, segregation of privileged information, or segregation of otherwise protected information before production.

    4.    Service of Records Requests Under Colorado Open Records Act ("CORA") or Colorado Criminal Justice Records Act ("CCJRA") or Both:

Weld Defendants' Position:  Given Weld Defendants' inability to serve requests for document production upon any other party except under the Federal Rules of Civil Procedure, neither any party nor their agents, counsel, or agents of counsel, shall be permitted to serve upon Weld Defendants, or the Weld County Attorney's Office, or the Weld County Sheriff's Office, any request for documents or information under CORA or CCJRA if such documents or information are relevant to this case within the meaning of Fed. R. Civ. P. 26 and otherwise obtainable in the discovery process in this case. *E.g.*, *Carranza v. Reams*, 2020 U.S. Dist. LEXIS 249877, at *11 (D. Colo. July 2, 2020) (ruling in ECF 80, one week later, that plaintiffs were precluded from serving such records requests upon the Sheriff); *Citizen Ctr. v. Gessler*, 2012 U.S. Dist. LEXIS 98066 (D. Colo. July 16, 2012); *see Hutter v. Fox*, 2019 U.S. Dist. LEXIS 198052 (W.D. Wisc. Nov. 15, 2019).

Turn Key Defendants' Position: Turn Key Defendants are not a public entity and are therefore not subject to the Colorado Open Records Act or Colorado Criminal justice Records Act. Turn Key Defendants agree to the proposal set forth by Weld County Defendants.

Plaintiffs' Position: Plaintiffs do not object to using litigation discovery rather than CORA and CCJRA to obtain materials from Defendants to this action, however, reserve the right to use CORA and CCJRA to obtain documents from other sources.

## 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings:

June 23, 2023. The filing of amended and supplemental pleadings will be made pursuant to Fed. R. Civ. P. 15.

Motions to amend the pleadings to seek punitive damages against the health care providers shall be governed by the Health Care Availability Act.

    b.       Discovery Cut-off: February 29, 2024.

    c.       Dispositive Motion Deadline: March 29, 2024.

    d.       Expert Witness Disclosure:

        1.    The parties shall identify anticipated fields of expert testimony, if any:

Plaintiffs anticipate calling witnesses in the following possible fields: emergency medicine, toxicology, correctional healthcare, nursing care, economics and any expert necessary for rebuttal and/or impeachment purposes. Plaintiffs may designate experts in other areas as well.

Turn Key Related Defendants anticipate disclosing experts in the fields of toxicology, correctional healthcare, nursing, critical care, in any field of expertise of Plaintiffs' disclosed experts, and any expert necessary for rebuttal and/or impeachment purposes. Turn Key Defendants may designate experts in other areas as well.

Weld County Related Defendants: Weld Defendants may retain experts in the fields of liability and damages to counter Plaintiffs' experts, if any, or to support their affirmative defenses.

        2.    Limitations which the parties propose on the use or number of expert witnesses:

5 retained experts per party group.

        3.    Plaintiffs shall designate experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 3, 2023.

        4.    Defendants shall designate experts and provide opposing counsel and any pro se

party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~December 1, 2023~~ December 15, 2023.

5.  Plaintiffs shall designate rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~December 22, 2023~~ January 17, 2023.

6.  Motions challenging expert testimony under Fed. R. Evid. 702 and Fed. R. Civ. P. 26 shall be filed within 28 days after the dispositive motions deadline.

e.  Identification of Persons to Be Deposed:

The parties are presently determining their discovery needs. Accordingly, the schedule listed below is not exhaustive and is not necessarily presented in the order in which the parties will conduct depositions. Further, the dates and times of depositions are tentative and have not yet been determined or noticed. Finally, the parties wish to retain the opportunity to reschedule depositions or take other depositions as may be suggested by discovery.

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length |
|---|---|---|---|
| Jennifer Bauder | TBD | TBD | TBD |
| Lisa McMullen | TBD | TBD | TBD |
| Sheriff Steve Reams | TBD | TBD | TBD |
| Erica Alcaraz, LPN | TBD | TBD | TBD |
| Beatriz Ortiz, RN | TBD | TBD | TBD |
| Kristin Miller, RN | TBD | TBD | TBD |
| Teresa Sipola, NP | TBD | TBD | TBD |
| Deputy Dean Secosky | TBD | TBD | TBD |
| Deputy Andrew Wilson | TBD | TBD | TBD |
| Sergeant Michael Recor | TBD | TBD | TBD |
| Deputy Trevor Alm | TBD | TBD | TBD |

| | | | |
|---|---|---|---|
| Deputy Rodney Miller | TBD | TBD | TBD |
| Deputy James Riddle | TBD | TBD | TBD |
| Jane Shoenecker, RN | TBD | TBD | TBD |
| Kyrie Kuhn | TBD | TBD | TBD |
| Brittani Flores, RN | TBD | TBD | TBD |
| Kat Gigliotti | TBD | TBD | TBD |
| Deputy Kendra Betz | TBD | TBD | TBD |
| Deputy Hunter Aslin | TBD | TBD | TBD |
| Deputy Michael Beaman | TBD | TBD | TBD |
| Deputy Mariah Marquez | TBD | TBD | TBD |
| Sergeant Gabriel Gatzke | TBD | TBD | TBD |
| As of yet unidentified medical staff in the area of Ms. Cross' cell | TBD | TBD | TBD |
| As of yet unidentified deputy staff in the area of Ms. Cross' cell | TBD | TBD | TBD |
| As of yet unidentified other inmates in the area of Ms. Cross' cell | TBD | TBD | TBD |
| Medical staff with Greeley Fire Department | TBD | TBD | TBD |
| 30(b)(6) of Turn Key | TBD | TBD | TBD |
| 30(b)(6) of Weld County | TBD | TBD | TBD |

| | | | |
|---|---|---|---|
| Other health care providers at Weld County, currently unknown | TBD | TBD | TBD |
| Deputies currently unknown | TBD | TBD | TBD |
| Ms. Cross's treating healthcare providers[1] | TBD | TBD | TBD |
| Further witnesses as discovered through litigation | TBD | TBD | TBD |
| Experts | | | |

## 10. DATES FOR FURTHER CONFERENCES

    a.    Status conferences will be held in this case at the following dates and times: Telephonic Status Conferences are set for July 11, 2023, at 2:00 p.m. and November 14, 2023, at 10:00 a.m. before Magistrate Judge N. Reid Neureiter in Courtroom C203, Second floor, Byron G. Rogers Courthouse, 1929 Stout Street, Denver, Colorado 80294. Five minutes prior to the start of the hearings, the parties shall call the conference line (888) 398-2342, Access Code 5755390# to participate.

    b.    A final pretrial conference will be held in this case on_____ at _____ o'clock __.m.

## 11. OTHER SCHEDULING MATTERS

    a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None other than as specifically set forth in this Order.

    b.    Anticipate length of trial and whether trial is to the court or jury.

The parties anticipate a 10 day jury trial given the number of experts and the medical nature of the claims involved.

---

[1] Currently, the complete scope of Ms. Cross's treating healthcare providers, and overall state of her health prior to her death, are unknown. As discovery progresses, Defendants will gain a better

understanding of the treating healthcare providers to be deposed. At present, Defendants do not anticipate they will require depositions in excess of the presumptive limitations established by Fed. R. Civ. P. 30, subject to Plaintiffs' identification of such physicians.

      c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, CO 81301.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 4th day of April 2023.

BY THE COURT:

*N. Reid Neureiter*
N. Reid Neureiter
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| */s/ Anna Holland Edwards*<br>Anna Holland Edwards<br>Erica Grossman<br>HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC<br>1437 High Street<br>Denver, CO 80218<br>303-860-1331<br>anna@hheglaw.com<br>erica@hheglaw.com<br>*Attorneys for Plaintiff Cook* | */s/ Alexandra G. Ah Loy*<br>Alexandra G. Ah Loy<br>Tim Campbell<br>SWEET DEWBERRY HUBBARD, PLC<br>24 West Park Place<br>Oklahoma City, OK 73103<br>(405) 601-9400<br>allie@sdh.law<br>tim@sdh.law<br>*Attorneys for Turn Key Defendants* |
| | */s/ Matthew J. Hegarty*<br>Matthew J. Hegarty<br>HALL & EVANS, L.L.C.<br>1001 17th Street, Suite 300<br>Denver, CO 80202<br>303-628-3300<br>hegartym@hallevans.com<br>*Attorney for Weld County Defendants* |