## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-03143-DDD-SP

THE ESTATE OF AMY LYNN CROSS,
by and through its Personal Representative Jennifer Bauder,
V.C., through his guardian, Jennifer Bauder
R.C., through his guardian, Jennifer Bauder
K.C., through her guardian, Lisa McMullen,

Plaintiffs,

v.

TURN KEY HEALTH CLINICS, LLC
ERICA ALCARAZ, individually,
BEATRIZ ORTIZ, individually,
KRISTIN MILLER, individually,
TERESA SIPOLA, individually,
BOARD OF COUNTY COMMISSIONERS, WELD COUNTY;
SHERIFF STEVE REAMS, in his official capacity

Defendants.

---

## DEFENDANT TURN KEY HEALTH CLINIC, LLC'S RESPONSES TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
## REQUESTS FOR PRODUCTION OF DOCUMENTS

---

COMES NOW, Defendant, Turn Key Health Clinic, LLC ("Defendant"), and for its

Responses to Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and

Request for Inspection ("Plaintiff's Discovery"), responds and states as follows:

## GENERAL OBJECTIONS

These general objections are asserted with respect to all requests answered herein, and in

addition to the specific objections set forth below:

Exhibit 1, Page 02

1.      Pursuant to the Federal Rule of Civil Procedure 26(b)(1) and the Federal Rule of Evidence 401, Defendant objects to any and all Requests that are not relevant to the subject matter of the pending action and not reasonably calculated to lead to the discovery of admissible evidence.

2.      Defendant objects to Plaintiff's discovery requests to the extent they purport to impose duties or obligations in addition to, inconsistent with, or different from the requirements set forth in the Federal Rules of Civil Procedure and Federal Rules of Evidence.

3.      Pursuant to the attorney/client privilege, Defendant objects to the production or disclosure of any information or document that pertains to or consists of confidential communications made for the purpose of facilitating the rendition of legal services to Defendant which are, therefore, subject to the attorney/client privilege. Defendant also objects to the production or disclosure of any document or information that constitutes attorney work product or was prepared in anticipation of litigation or trial for Defendant or any of its representatives, or that is otherwise beyond the scope of discovery or admitted by the Federal Rules.

4.      Defendant objects to Plaintiff's discovery requests to the extent they purport to require Defendant to identify or produce information or documents that are not in its custody or control. Defendant may identify and produce relevant non-privileged and non-protected information or documents that are presently in the custody or control of Defendant.

5.      Defendant does not concede the relevancy of any document or information requested by Plaintiff nor the relevancy or admissibility of any information provided, or documents produced in response thereto. The fact that information is provided, or documents produced in response to a particular Request does not mean that it such information and/or documentation is probative of any particular issue in this matter or admissible at trial.

6.    Information provided herein is based upon the knowledge of Defendant, but the words used in the answering of Plaintiff's discovery requests are those of Defendant's counsel.

7.    Defendant objects to any Request to the extent it exceeds the allowable scope of discovery under the Federal Rules of Civil Procedure.

8.    If any work product or privileged document or information is inadvertently produced in responses to these or other discovery requests, Defendant reserves the privilege with respect to the document or information so inadvertently produced, as well as its right to object to inspection and copying of such document or information, and its right to demand return of such document or information or object to the admissibility thereof.

9.    Defendant reserves the right to supplement, modify, and/or correct its Responses contained herein.

Subject to the foregoing objections, Defendant responds as follows:

## ANSWERS TO INTERROGATORIES

**Interrogatories 1 & 2 are directed to Individual Defendants:**

**INTERROGATORY NO. 1**: Identify all dates and times that you had any contact with Amy Cross through any form of personal observation or oral dialogue, and the substance of the observation, communication, or contact. If you are unable to state the date and time of any such contact, please provide your best estimate. Please identify when and where such personal observation or oral dialogue occurred and give a description of the encounter.

**ANSWER TO INTERROGATORY NO. 1**: Plaintiff's Interrogatory No. 1 is not directed at Defendant Turn Key; therefore, no answer is required.

**INTERROGATORY NO. 2**: Identify all dates and times that you communicated with any

other person about Amy Cross and/or any aspect of her condition or confinement, whether in person, via telephone, or via any form of written or electronic communication, at any time. If you are unable to state the date and time of any such contact, please provide your best estimate. Please identify the manner of such communication, with whom you communicated, and the subject matter of the communication, and who else was part of the communication.

**ANSWER TO INTERROGATORY NO. 2**: Plaintiff's Interrogatory No. 2 is not directed at Defendant Turn Key; therefore, no answer is required.

**Interrogatories 3 to 6 are directed to all Defendants:**

**INTERROGATORY NO. 3**: Identify each person you believe has knowledge of Ms. Cross's medical condition from September 3, 2021 to September 5, 2021, inclusive of both end dates, and summarize the knowledge you believe each person to have.

**ANSWER TO INTERROGATORY NO 3**: Defendant objects to this Interrogatory as unduly burdensome, overly broad as to time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent this Interrogatory seeks information that may be protected by the attorney-client and/or the work-product privileges. Defendant further objects to this Interrogatory as an impermissible fishing expedition proscribed under the Federal Rules. *See, e.g., Grynberg v. Total S.A.*, 2006 U.S. Dist. LEXIS 28854, *15-17 (D. Colo. May 3, 2006); *Jeffryes v. Hartford Life & Accident Ins. Co.*, 2006 U.S. Dist. LEXIS 28908, *6-7 (D. Colo. May 4, 2006).

Subject to and without waiving the foregoing objections, Defendant states that it is currently aware of the following individuals who may have knowledge relevant to this lawsuit:

| No. | Name | Subjects of Anticipated Knowledge |
|---|---|---|
| 1. | Plaintiff, Jennifer Bauder | Plaintiff is expected to testify regarding the |

|   | c/o HOLLAND, HOLLAND, EDWARDS & GROSSMAN, LLC | allegations contained within Plaintiff's Complaint, Decedent's medical history, Decedent's mental health and substance abuse history, Decedent's conduct prior to her incarceration, Decedent's parental rights related to her minor children, and damages. |
|---|---|---|
| 2. | Plaintiff, Lisa McMullen c/o HOLLAND, HOLLAND, EDWARDS & GROSSMAN, LLC | Plaintiff is expected to testify regarding the allegations contained within Plaintiff's Complaint, Decedent's medical history, Decedent's mental health and substance abuse history, Decedent's conduct prior to her incarceration, Decedent's parental rights related to her minor children, and damages. |
| 3. | Weld County Board of County Commissioners c/o HALL & EVANS, LLC | Representative(s) of the BOCC are expected to testify regarding the facts and circumstances related to the allegations contained in the Complaint |
| 4. | Sheriff Steven Reams c/o HALL & EVANS, LLC | Sheriff Reams is expected to testify regarding the facts and circumstances related to the allegations contained in the Complaint, including but not limited to his interactions with Ms. Cross, Ms. Cross's actions and statements made during incarcerations at the Weld County Jail, and Plaintiff's claimed damages. |
| 5. | Teresa Sipola, APRN-CNP c/o HALL BOOTH SMITH, P.C. | Ms. Sipola is expected to testify regarding the health care of Amy Cross during her incarcerations at the Weld County Jail, statements made by Ms. Cross during her incarcerations at the Weld County Jail, allegations contained within the Complaint and Defendants' defenses, standard of care, contributory negligence, causation, and damages. |
| 6. | Kristin Miller, RN c/o HALL BOOTH SMITH, P.C. | Nurse Miller is expected to testify regarding the health care of Amy Cross during her incarcerations at the Weld County Jail, statements made by Ms. Cross during her incarcerations at the Weld County Jail, |

allegations contained within the Complaint and Defendants' defenses, standard of care, contributory negligence, causation, and damages.

| | | |
|---|---|---|
| 7. | Erica Aguirre, LPN<br>c/o HALL BOOTH SMITH, P.C. | Nurse Aguirre is expected to testify regarding the health care of Amy Cross during her incarcerations at the Weld County Jail, statements made by Ms. Cross during her incarcerations at the Weld County Jail, allegations contained within the Complaint and Defendants' defenses, standard of care, contributory negligence, causation, and damages. |
| 8. | Beatriz Ortiz, RN<br>c/o HALL BOOTH SMITH, P.C. | Nurse Ortiz is expected to testify regarding the health care of Amy Cross during her incarcerations at the Weld County Jail, statements made by Ms. Cross during her incarcerations at the Weld County Jail, allegations contained within the Complaint and Defendants' defenses, standard of care, contributory negligence, causation, and damages. |
| 9. | Bryan Reichert, M.D.<br>c/o HALL BOOTH SMITH, P.C. | Dr. Reichert is expected to testify regarding the health care of Amy Cross during her incarcerations at the Weld County Jail, statements made by Ms. Cross during her incarcerations at the Weld County Jail, allegations contained within the Complaint and Defendants' defenses, standard of care, contributory negligence, causation, and damages. |
| 10. | Lilliana Rivero, LPN<br>c/o HALL BOOTH SMITH, P.C. | Nurse Rivero is expected to testify regarding the health care of Amy Cross during her incarcerations at the Weld County Jail, statements made by Ms. Cross during her incarcerations at the Weld County Jail, allegations contained within the Complaint and Defendants' defenses, standard of care, contributory negligence, causation, and damages. |

11.    Jordan Anderson, RN
       c/o HALL BOOTH SMITH, P.C.

Nurse Anderson is expected to testify regarding the health care of Amy Cross during her incarcerations at the Weld County Jail, statements made by Ms. Cross during her incarcerations at the Weld County Jail, allegations contained within the Complaint and Defendants' defenses, standard of care, contributory negligence, causation, and damages.

12.    Jeremy Hamby, LPN
       c/o HALL BOOTH SMITH, P.C.

Nurse Hamby is expected to testify regarding the health care of Amy Cross during her incarcerations at the Weld County Jail, statements made by Ms. Cross during her incarcerations at the Weld County Jail, allegations contained within the Complaint and Defendants' defenses, standard of care, contributory negligence, causation, and damages.

13.    Jayme Schieppert
       c/o HALL BOOTH SMITH, P.C.

Nurse Schieppert is expected to testify regarding the health care of Amy Cross during her incarcerations at the Weld County Jail, statements made by Ms. Cross during her incarcerations at the Weld County Jail, allegations contained within the Complaint and Defendants' defenses, standard of care, contributory negligence, causation, and damages.

14.    Brittani Flores
       c/o HALL BOOTH SMITH, P.C.

Nurse Flores is expected to testify regarding the health care of Amy Cross during her incarcerations at the Weld County Jail, statements made by Ms. Cross during her incarcerations at the Weld County Jail, allegations contained within the Complaint and Defendants' defenses, standard of care, contributory negligence, causation, and damages.

15.    Melissa Lanier
       c/o HALL BOOTH SMITH, P.C.

Nurse Lanier is expected to testify regarding the health care of Amy Cross during her incarcerations at the Weld County Jail,

|     |     | statements made by Ms. Cross during her incarcerations at the Weld County Jail, allegations contained within the Complaint and Defendants' defenses, standard of care, contributory negligence, causation, and damages. |
| --- | --- | --- |
| 16. | Deputy Kendra Betz<br>C/O HALL & EVANS, LLC | Deputy Betz is expected to testify regarding the facts and circumstances related to the allegations contained in the Complaint, including but not limited to her interactions with Ms. Cross, and Ms. Cross's actions and statements made during incarcerations at the Weld County Jail. |
| 17. | Deputy Michael Beaman<br>C/O HALL & EVANS, LLC | Deputy Beaman is expected to testify regarding the facts and circumstances related to the allegations contained in the Complaint, including but not limited to his interactions with Ms. Cross, and Ms. Cross's actions and statements made during incarcerations at the Weld County Jail. |
| 18. | Deputy Everado Bretado Pena<br>C/O HALL & EVANS, LLC | Deputy Bretado Pena is expected to testify regarding the facts and circumstances related to the allegations contained in the Complaint, including but not limited to his interactions with Ms. Cross, and Ms. Cross's actions and statements made during incarcerations at the Weld County Jail. |
| 19. | Corporal St. Blanc<br>C/O HALL & EVANS, LLC | Corporal St. Blanc is expected to testify regarding the facts and circumstances related to the allegations contained in the Complaint, including but not limited to his interactions with Ms. Cross, and Ms. Cross's actions and statements made during incarcerations at the Weld County Jail. |
| 20. | Corporal Ramos<br>C/O HALL & EVANS, LLC | Corporal Ramos is expected to testify regarding the facts and circumstances related to the allegations contained in the Complaint, including but not limited to his interactions with Ms. Cross, and Ms. Cross's actions and |

|   |   | statements made during incarcerations at the Weld County Jail. |
|---|---|---|
| 21. | Corporal Schuett<br>C/O HALL & EVANS, LLC | Corporal Schuett is expected to testify regarding the facts and circumstances related to the allegations contained in the Complaint, including but not limited to his interactions with Ms. Cross, and Ms. Cross's actions and statements made during incarcerations at the Weld County Jail. |
| 22. | Michael A. Burson, MD, PhD<br>Medical Examiner's Office<br>P.O. Box 419<br>Loveland, CO 80539 | Dr. Burson is expected to testify as to his autopsy findings related to Ms. Cross. |
| 23. | Hayden Frierson, EMT-Paramedic<br>Greeley Fire Department | Paramedic Frierson is expected to testify regarding their emergency response related to Ms. Cross at the Weld County Jail. |
| 24. | Daniel Verminski, EMT-Paramedic<br>Greeley Fire Department | Paramedic Verminski is expected to testify regarding their emergency response related to Ms. Cross at the Weld County Jail. |

Please also see the medical records of Amy Cross from the Weld County Detention Center, previously produced as Bates Nos. TK000001-001748, and the jail investigatory and detention records of Ms. Cross produced by the Weld County Defendants, which may identify additional persons with knowledge related to this lawsuit. Defendant further directs Plaintiff to the Turn Key Defendants' previously produced Rule 26(a)(1) Initial Disclosures. Defendant reserves the right to supplement this response and to make additional witness disclosures at a time and in a manner consistent with the Court's Scheduling Order.

**INTERROGATORY NO. 4:** Identify every person at Weld County Jail between September 3, 2021 and September 5, 2021, inclusive of both end dates, who discussed Ms. Cross's medical needs, her medical care or her medical condition. Be sure to specifically inquire as to

whether any charge nurse, DON, Nurse Practitioner, Physician's Assistant, doctor, health services administrator or other supervisory persons were involved in anyway. *This question is specifically asked in an effort to identify any people who may have been consulted by any of the individual defendants, and to identify other security personnel or health care workers involved with Ms. Cross during September of 2021.*

**ANSWER TO INTERROGATORY NO. 4:** Defendant objects to this Interrogatory as vastly overbroad as to scope, unduly burdensome to the point that it is impossible to respond, vague as to "interaction," and as not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects inasmuch as the information sought is better suited for deposition discovery of the individual medical personnel involved in Decedent's care and treatment, as Defendant—a corporate entity—cannot reasonably be imputed to know each and every potential "discussion" that occurred related to Decedent which might have occurred within the Weld County Detention Center. Defendant further objects to this Interrogatory as an impermissible fishing expedition proscribed under the Federal Rules. *See, e.g., Grynberg v. Total S.A.*, 2006 U.S. Dist. LEXIS 28854, *15-17 (D. Colo. May 3, 2006); *Jeffryes v. Hartford*

Subject to and without waiving the foregoing objections, Defendant is currently unaware of any additional information responsive to this Interrogatory other than the individuals documented within Ms. Cross's medical and jail records from the Weld County Detention Center. Defendant further directs Plaintiff to Defendant's Answer to Plaintiff's Interrogatory No. 3.

**INTERROGATORY NO. 5:** Identify all phone numbers (land line, company or county issued cell, or personal cell) used by any Individual Defendants and any health care workers related to Weld County Jail for calling or texting in September 2021, including all phones that would have

been used to communicate with an on-call provider. Please be sure to identify who each number belongs to and what type of phone it is. *See* Request for Production No. 2.

**ANSWER TO INTERROGATORY NO. 5:** Defendant objects to this Interrogatory as being overly broad as to time and scope, as Ms. Cross's incarceration at issue was limited in time from September 3, 2021 until September 5, 2021 and only the Individual Defendants have been identified in discovery thus far as having been involved in Amy Cross's medical care during the relevant incarceration. This Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, nor is it proportional to the needs of the case, as the personal phone records of health care workers who were not involved in Amy Cross's medical care have absolutely no probative value over the issues, claims, or defenses in this case, making this nothing more than an improper fishing expedition prohibited under the Federal Rules. Such information by its nature is highly confidential and private. Further, this Interrogatory as vague/ambiguous as to the meaning of "any health care workers related to Weld County Jail."

Subject to and without waiving the foregoing objections, Defendant does not maintain the landline phones used by medical personnel at the Weld County Detention Center and, therefore, such information would likely be within the custody or control of the Weld County Defendants. Inasmuch as Plaintiff is seeking the private cell phone numbers of the Individual Defendants, Defendant states that Defendant Nurses would have called the On-Call Provider, Defendant Sipola, from the landline medical phones within the Weld County Detention Center, which were identified in Weld County Defendants' discovery responses. Additionally, Defendant would direct requests for contact information related to the Individual Defendants, as Defendant Turn Key is not the proper custodian of such information.

**INTERROGATORY NO. 6:** Identify any complaints any person has made about the care provided by Turn Key or any Individual Defendants in Weld County. **[6]** Please be sure to include any deputy or Weld County related workers complaints or comments about Turn Key's care in general or about Amy Cross or about any other individual inmate, **[7]** and any workers threatening to quit or quitting over Turn Key's conduct.

**ANSWER TO INTERROGATORY NO. 6 [Renumbered 6-7]:** Defendant objects to this Interrogatory as constituting multiple distinct and separate discovery requests via its discrete subparts, as reflected in the above renumbering. *See* FED. R. CIV. P. 33(a)(1). Further, this Interrogatory is overly broad as to scope and time, unduly burdensome, vague and ambiguous as to "complaints," compound, seeks irrelevant information, not reasonably calculated to lead to the discovery of admissible evidence, and seeks private health information of non-parties protected from disclosure under HIPAA and Colorado law. *See Gateway Logistics, Inc. v. Smay*, 2013 CO 25; *In re Dist. Court*, 256 P.3d 687 (Colo. 2011); *Whalen v. Roe*, 429 U.S. 589, 599 & n.25 (1966); *Herring v. Keenan*, 218 F.3d 1171, 1175 (10th Cir. 2000) (noting the court has "repeatedly interpreted the Supreme Court's decision in *Whalen* … as creating a right to privacy in the non-disclosure of personal information"); *JB v. Asarco, Inc.*, 225 F.R.D. 258, 262 (N.D. Okla. 2004) ("Discovery that broadens the scope of the litigation and intrudes upon privacy rights should not be permitted 'unless there is a showing that the need for disclosure outweighs the importance of protecting non-parties' privacy.'"). Defendant cannot, and will not, produce any health information of patients who have not waived their privacy rights over the same. Additionally, Defendant objects to the overbreadth of this Interrogatory, as the care and treatment at issue was from September 3, 2021 until September 5, 2021;

therefore, any discovery after September 5, 2021 would have no probative value over any of the material issues in this case.

Subject to and without waiving the foregoing objections, Defendant states that it is currently aware of medical complaints related to the following individuals who have waived their HIPAA privacy rights by filing a lawsuit:

1. Amy Cross (the instant litigation);

2. *Arredondo v. Reams*, Case No. 1:20-cv-01445-GPG; and

3. *Carranza, et al. v. Reams*, Case No. 20-cv-00977.

If this Interrogatory is intended to seek medical grievances or informal medical complaints, Defendant does not maintain such information in any format which would make it possible for Defendant to retrieve information responsive to Plaintiff's request.

Finally, to the best of its information and belief, Defendant is unaware of any Turn Key employees who have "threatened to quit, or quit, due to any act or omission of Turn Key."

## REQUESTS FOR PRODUCTION

**Requests for Production 1 & 2 are directed to all Defendants:**

**REQUEST FOR PRODUCTION NO. 1**: Produce all documents related to your responses to these discovery requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**: Defendant objects to this Request as grossly overbroad as to scope and time, as it seeks privileged and protected attorney-client communications and work product on its face. This Request is also unreasonably vague as to the meaning of "related," unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections,

Defendant would direct Plaintiff to all documents produced herein in response to Plaintiff's discovery requests.

**REQUEST FOR PRODUCTION NO. 2**: Produce records of all calls made or received by the phones used by health care workers, including on-call health care workers, during the period from September 3, 2021 to September 7, 2021, inclusive of both end dates. *See* Interrogatory No. 5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Defendant objects to this Request as being overly broad as to time (as the care at issue is limited to September 3, 2021 to September 5, 2021) and as to scope (as the care and treatment of all of Turn Key's medical personnel across operations and at the Weld County Detention Center is not at issue in this case, and instead Plaintiff's claims are limited to the care provided by the Individual Defendants to Amy Cross). As worded, Plaintiff's Request seeks phone records of every single health care worker employed by Turn Key across its entire company, which is clearly unduly burdensome and unreasonable on its face. Further, this Request is not reasonably calculated to lead to the discovery of admissible evidence, is disproportional to the needs of the case, and lacks importance in resolving the issues in this litigation, as health care personnel may make telephone calls from the Weld County landline phones throughout the day, including to the provider, which would be completely unrelated to the claims at issue in this case and Ms. Cross's care, nor would the phone records reveal what was discussed on such calls.

Subject to and without waiving the foregoing objections, Defendant states that it is not the custodian of the phone records for the landline phones used by medical personnel at the Weld County Detention Center, and such request is more properly directed to the Weld County

Defendants. Inasmuch as this Request seeks the private phone records of Turn Key personnel, Defendant states that medical personnel use the landline phones made available to at the Weld County Detention Center for calls related to patient care. Defendant is not the custodian of its employees' private cell phone records, and any discovery into such private records is an impermissible invasion of their privacy rights, is not proportional to the needs of this case, and constitutes an improper fishing expedition proscribed by the federal rules. To the extent Plaintiff is seeking private phone records of the Individual Defendants, such request is more properly directed to those Individual Defendants.

**Requests for Production 3-5 are directed to Individual Defendants:**

REQUEST FOR PRODUCTION NO. 3: [3] Produce all documents and materials that depict, mention, reference, or relate to Amy Cross, including records, photos, [4] texts, e-mails, social media messages, [5] diaries, notes, memos, faxes, and/or video or audio recordings.

[6] Please confirm in response that you have searched your email, social media, and text messages, including any cloud or backup storage of deleted messages, for the following terms: "Cross," "Amy," "meth," "foam," "blue," "purple," "vagina," "smuggle," "overdose," "seizure," "toxicity," "withdrawal," "sick," "Erica," "Beatriz," "Kristin," "Terry," "lawsuit," "sued," "Westword," and "Turn Key."

If any such materials once existed but have been deleted or erased, please describe what once existed with as much particularity as you can.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3 [Renumbered 3-6]: Defendant objects to this Request as constituting multiple distinct and separate discovery requests via its discrete subparts, as reflected in the above renumbering. Subject to and without waiving

this objection, Plaintiff's Request for Production No. 3 [Renumbered 3-6] is not directed to this Defendant; therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 4:** Produce all text messages, social media messages, and emails between yourself and any of the other Individual Defendants from September 3, 2021 to September 30, 2021 and from December 6, 2022 to present. *Please also confirm that each Individual Defendant has taken appropriate steps to preserve all text messages, social media messages, and emails related in any way to this litigation, to Amy Cross, or to other incarcerated people.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4 [Renumbered 7]:** Plaintiff's Request for Production No. 4 [Renumbered 7] is not directed to this Defendant; therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 5 [8]:** Produce all social media posts or comments you have published related to Amy Cross, this lawsuit, or any other medical issues at Weld County Jail from January 1, 2020 to present. *Please confirm that each Individual Defendant has taken appropriate steps to preserve all social media posts or comments related in any way to this litigation, to Amy Cross, or to other incarcerated people.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5 [Renumbered 8]:** Plaintiff's Request for Production No. 5 [Renumbered 8] is not directed to this Defendant; therefore, no response is required.

**Requests for Production 6-15 are directed to Entity Defendants:**

**REQUEST FOR PRODUCTION NO. 6: [9]** Produce all documents and materials that depict, mention, reference, or relate to Amy Cross, including Weld County records, Wellpath

records, movement logs, shift change reports, photos, **[10]** texts, e-mails, social media messages, **[11]** diaries, notes, memos, faxes, and/or video or audio recordings.

**[12]** Please confirm in response that the following terms have been used to search for electronically stored records, such as emails and texts: "Cross," "Amy," "meth," "foam," "blue," "purple," "vagina," "smuggle," "overdose," "seizure," "toxicity," "withdrawal," "sick," "Erica," "Alcaraz," "Beatriz," "Ortiz," "Kristin," "Miller," "Terry," "Sipola," "lawsuit," "sued," and "Westword."

**[13]** If any such materials once existed but have been deleted or erased, please describe what once existed with as much particularity as you can. *Please also confirm that the Entity Defendants have taken appropriate steps to preserve all related types of communications and documents*.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6 [Renumbered 9-13]:** Defendant objects to this Request as constituting multiple distinct and separate discovery requests via its discrete subparts, as reflected in the above renumbering. Further, this request is overly broad (as to scope and time), unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that may be protected by the attorney-client and/or the work-product privileges and/or documents which may be otherwise confidential and/or proprietary business records. Further, Plaintiff's proposed search parameters are unreasonably broad, not proportional to the needs of the case, and casts such a broad net that Defendant cannot meaningfully comply with this discovery request without undue burden and expenses that is not commensurate with the needs of this case. The care and treatment at issue in this case involves four employees at the Weld County Detention Center.

As worded, Plaintiff's Request would purport to require Defendant to search all email addresses of every single employee, past and present, regardless of whether they were physically present at the Weld County Detention Center at any time relevant to Plaintiff's claims. This is the precise type of fishing expedition proscribed by the Federal Rules. Therefore, counsel for Defendant requests that counsel for Plaintiff narrow this request so that a more meaningful diligent search can be performed.

Subject to and without waiving the foregoing objections, please see the medical records of Amy Cross from the Weld County Detention Center previously produced as Bates Nos. TK000001-001748. Defendant is not in possession, custody, or control of any photos related to Amy Cross. Defendant is not the custodian of audio and/or video recordings within the Weld County Detention Center, and such request would be more properly directed to the Weld County Defendants. Defendant is currently unaware of any "diaries, notes, memos, faxes" responsive to this Request. After conducting a diligent search, Defendant has been unable to locate any text messages or social media messages and/or posts related to Amy Cross or the claims in this lawsuit within its possession, custody, or control. Defendant is continuing to conduct a diligent search for communications potentially relevant to Plaintiff's claims and will supplement its production in the future if such communications are discovered. Finally, Defendant is currently unaware of any records related to Amy Cross which may have been "deleted or erased," as requested.

**REQUEST FOR PRODUCTION NO. 7**: **[14]** Produce all documents and materials related to the award of the 2019 Weld County Inmate Medical Services contract to Turn Key. Please include the 2019 Weld County Request for Proposals for Inmate Medical Services (Proposal

Number B1900131) in its entirety, including all exhibits, attachments, addenda, question and answer forms, attendance sheets, and supplements; **[15]** all proposals submitted in response to the RFP in their entirety, including all exhibits, attachments, addenda, and supplements, **[16]** the Contract with all attachments including fee schedules and staffing plans, and any amendments or extensions of the Contract.

**RESPONSE TO RESPONSE FOR PRODUCTION NO. 7 [Renumbered 14-16]**: Defendant objects to this Request as constituting multiple distinct and separate discovery requests via its discrete subparts, as reflected in the above renumbering. *See* FED. R. CIV. P. 33(a)(1). Further, this request is overly broad (as to scope and time, as it seeks amendments not in effect at any time relevant to Plaintiff's claims or the defenses in this lawsuit), unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks irrelevant information and/or documents which may be otherwise confidential and/or proprietary to Defendant. Finally, this Request is vague/ambiguous as to the meaning of "all documents and materials related to the award of the … contract to Turn Key," making this Request subject to various interpretations.

Subject to and without waiving the foregoing objections, and as Defendant understands this Request, please see the proposal submitted by Turn Key in response to Weld County's Request for Proposals ("RFP"), produced herein as Bates Nos. TK001848-001978. Turn Key has marked portions of this production as "CONFIDENTIAL" pursuant to the Protective Order on file in this litigation. Please also see the Contract entered between Weld County and Turn Key, as well as the amendments in effect as of September 5, 2021, produced herein as Bates Nos. TK001979-002103.

**REQUEST FOR PRODUCTION NO. 8**: Produce the staffing schedule of every person providing healthcare in any capacity to inmates and detainees at Weld County Jail from September 3, 2021 through September 5, 2021, inclusive of both end dates, and showing the days, shifts, and hours when these persons worked. Please specifically be sure to include the HSA, the DON, any charge nurses, any RNs, any LPNs, any CNAs, any paramedics of any level, any Physicians, any Mid-Levels, and on-call providers.

**RESPONSE TO RESPONSE FOR PRODUCTION NO. 8 [Renumbered 17]**: Defendant objects to this Request as unduly burdensome and as not being reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving these objections, please see the Time Detail Reports produced herein as Bates Nos. TK002104-TK002128, which are inclusive of the dates requested above. These are specifically marked "CONFIDENTIAL" and are produced pursuant to the Protective Order on file in this litigation. In addition to the produced Time Detail Reports, Defendant states that Teresa Sipola would have been the on-call provider during Ms. Cross's incarceration at the Weld County Detention Center in September 2021. However, on-call providers do not "clock in" for each and every call.

**REQUEST FOR PRODUCTION NO. 9**: **[18]** Produce all documents and materials reflecting any standards, policies, procedures, algorithms, practices, customs, protocols (nursing or otherwise), **[19]** training or guidance on any of the below listed topics in place at Weld County Jail as of September, 2021, **[20]** and the Table of Contents for all health care protocols and policies so counsel can ascertain if there are other topics which should be specifically requested here.

- Drug abuse, intoxication, and withdrawal;
- Clinical Opiate Withdrawal Scale (COWS);

- Elevated pulse;

- Elevated respirations;

- Diaphoresis;

- Restlessness and agitation;

- Fever;

- Low blood oxygen concentration;

- Nausea or vomiting;

- Seizure;

- Chest pain;

- EKGs;

- Refusal of medical care;

- Medical Screening of detainees/inmates;

- Physical examinations of detainees/inmates;

- Taking and recording vital signs of detainees/inmates;

- Medical emergencies;

- Transfer of detainees/inmates to acute care facilities to or outside medical facilities;

- Contacting responsible physicians, on-call medical providers or other providers;

- Record keeping, retention of documents or destruction of documents and materials relating to medical care, evaluation, or treatment.

**RESPONSE TO RESPONSE FOR PRODUCTION NO. 9 [Renumbered 18-20]:** Defendant objects to this Request as constituting multiple distinct and separate discovery requests via its discrete subparts, as reflected in the above renumbering. *See* FED. R. CIV. P. 33(a)(1). This

request is overly broad (scope and time), unduly burdensome, seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence. Finally, this Request seeks confidential and proprietary business records of Defendant.

Subject to and without waiving the foregoing objections, Defendant would direct Plaintiff to its production of responsive policies and procedures of Turn Key in effect at the time of the care at issue in this case, produced herein as Bates Nos. TK002129-TK002204. Defendant is also producing the Table of Contents for its policies, procedures, and Nurse Protocols in effect at the Weld County Detention Center in September 2021, produced herein as Bates Nos. TK002205-TK002213. Finally, Defendant is in the process of gathering its responsive training materials utilized at the Weld County Detention Center on or before September 5, 2021, and will supplement. The foregoing disclosures and materials are being produced subject to the Protective Order on file in this matter and are specifically designed as "CONFIDENTIAL."

Defendant is also producing the following Nursing Protocols in effect at the time of the care and treatment at issue in this case:

1. Alcohol – Detox;

2. Benzo – Detox;

3. Chest Pain;

4. Nausea / Vomiting;

5. Opioid – Detox;

6. Shortness of Breath;

7. Wilcox Opiate Withdrawal Scale (WOWS).

These protocols are produces as Bates Nos. TK002214-TK002220.

**REQUEST FOR PRODUCTION NO. 10**: Produce all documents and materials that mention or relate to Turn Key's insurance coverage, including any communications about allowing excess coverage to lapse, whether those communications are internal or between Weld County and Turn Key.

**RESPONSE TO RESPONSE FOR PRODUCTION NO. 10 [Renumbered 21]**: Defendant objects to this Request as overly broad as to time and scope, unduly burdensome, not proportional to the needs of the case, and not probative of any claim or defense in this matter. This request is not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Evid. 411. Plaintiff is entitled to limited, specific discovery into Defendant's insurance policies from which a judgment may potentially be satisfied. *See* Fed. R. Civ. P. 26(a)(1)(A)(iv). Plaintiff is not entitled to discovery of Defendant's private and proprietary process of procuring insurance or any internal discussions related to Defendant's insurance coverage, and Defendant adamantly opposes and objects to any such request.

Subject to and without waiving the foregoing objections, and as limited in the foregoing objections, Defendant is currently unaware of any responsive communications with Weld County related to its insurance coverage beyond the documents already produced by the Weld County Defendants as Bates Nos. Weld Defendants 05947-05948, 07033-07079, and 07184-07188. Defendant does not agree to produce any internal communications, documents, or materials related to its insurance coverage other than the insurance policies previously produced to Plaintiff in supplementation to its Initial Disclosures as Bates Nos. TK001750-TK001847.

**REQUEST FOR PRODUCTION NO. 11**: Produce any and all letters of concern and other communications about Turn Key's staffing levels, quality of care, and fulfillment of the

Contract requirements at Weld County Jail from 2020 to present.

**RESPONSE TO RESPONSE FOR PRODUCTION NO. 11 [Renumbered 22]**: Objection. This Request is vague/ambiguous as to the meaning of "letters of concern", compound, unduly burdensome, and overly broad as to time and scope. The care and treatment at issue in this case occurred between September 3, 2021 and September 5, 2021; therefore, any discovery beyond the Weld County Detention Center prior to September 5, 2021 has no relevance to this lawsuit and would have no probative value over any of the material issues in this case, nor is any such discovery proportional to the needs of this case. Therefore, Defendant further objects to this Request as an impermissible fishing expedition and as not being reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, and as Defendant interprets this Request, Defendant states that during the Covid-19 pandemic, there were nationwide staffing concerns related to virtually every facet of nursing care possible, including correctional medicine. Defendant is currently unaware of any documents related to the Weld County Detention Center prior to September 5, 2021 which would be responsive to this Request. Defendant is continuing to perform a diligent search and will supplement this response if any such responsive information and/or documents are discovered.

**REQUEST FOR PRODUCTION NO. 12**: Produce the minutes, agenda, and any summaries from all monthly or periodic nursing staff type meetings, Multidisciplinary Assessment Committee ("MAC") meetings, CQI meetings, and shift change or handoff meetings from 2020 through the first quarter of 2023. *Please note that there is no federal quality assurance privilege applicable. To the extent you withhold any documents, please state specifically what privilege you*

*are asserting and any authority for that privilege applying in this federal court.*

**RESPONSE TO RESPONSE FOR PRODUCTION NO. 12 [Renumbered 23]**: Objection. This Request is vague, ambiguous, unduly burdensome, and overly broad as to time and scope. The care and treatment at issue in this case occurred at the Weld County Jail in September 2021; therefore, any discovery beyond the Weld County Jail prior to September 2021 has no relevance to this lawsuit and would have no probative value over any of the material issues in this case, nor is any such discovery proportional to the needs of this case or likely to reveal information which is probative to any claim or defense. Therefore, Defendant further objects to this Request as an impermissible fishing expedition and as not being reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, please see the monthly CQI Audit Reports and CQI Audits from Weld County Detention Center through September 2021, produced herein as Bates Nos. TK002221-TK002286. These documents are specifically designated as "CONFIDENTIAL" and are produced subject to the Agreed Protective Order on file in this litigation. Defendant is continuing to perform a diligent search for any further documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13**: Produce all documents and materials concerning when and how mortality reviews, morbidity reports, root cause analyses or any similar type of internal investigations or reviews are to be conducted, the way in which they are to be conducted, the persons who are to conduct them, and any other document bearing on the matter, method, or procedure of such reviews or who is to conduct them and the purpose(s) for which they are conducted. *Please note that there is no federal quality assurance privilege applicable. To the*

*extent you withhold any documents, please state specifically what privilege you are asserting and any authority for that privilege applying in this federal court.*

**RESPONSE TO RESPONSE FOR PRODUCTION NO. 13 [Renumbered 24]:** Defendant objects to this Request as overly broad as to time and scope, as the care and treatment at issue in this case as well as the pattern, practice or custom at issue is limited to the Weld County Detention Center prior to September 5, 2021, and any discovery beyond the Weld County Detention Center prior to September 5, 2021 has no probative value to any of the claims or defenses in this lawsuit, is not proportional to the needs of this case, and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Defendant objects inasmuch as this Request is seeking privileged attorney-client communications or attorney work product. Subject to and without waiving these objections, and as Defendant understands this Request, please see the following policies and procedures which Defendant believes may be responsive to this Request, produced as Bates Nos. TK002138-TK002140.

**REQUEST FOR PRODUCTION NO. 14**: Produce all mortality reviews, morbidity reports, root cause analyses, sentinel event reports, or any similar type of internal investigations or reviews relating to any serious injuries or deaths in the Weld County Jail since the time Turn Key started providing medical services in the facility to the present. *Please note that there is no federal quality assurance privilege applicable. To the extent you withhold any documents, please state specifically what privilege you are asserting and any authority for that privilege applying in this federal court.*

**RESPONSE TO RESPONSE FOR PRODUCTION NO. 14 [Renumbered 25]:** Objection. This Request is vague, ambiguous, compound, unduly burdensome, and overly

broad as to time and scope. The care and treatment at issue in this case occurred at the Weld County Detention Center in September 2021; therefore, any discovery beyond Weld County Detention Center prior to September 2021 has no relevance to this lawsuit and would have no probative value over any of the material issues in this case, nor is any such discovery proportional to the needs of this case. Moreover, the Weld County Detention Center is not an accredited facility, and Defendant objects inasmuch as this Request is premised upon the false belief that Defendant was required to generate written morbidity and mortality reviews. Finally, Defendant further objects to this Request as an impermissible fishing expedition and as not being reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant states: Defendant is currently unaware of any documents responsive to this Request from the Weld County Detention Center, as the Weld County Detention Center is not an NCCHC-accredited facility. Specific to Amy Cross, Defendant conducted an internal sentinel event review following Ms. Cross's death. No written death report was generated arising out of this review. Defendant attempted to meet with Weld County jail officials on or about September 7, 2021, to discuss Defendant's investigative findings. Weld County declined this meeting due to the County's pending Critical Incident Response Team (CIRT) investigation. Defendant received Plaintiff's Preservation Letter on or about October 25, 2021. *See* Correspondence produced as Bates Nos. TK002287-TK002288. Any investigation, documents, or communications related to Amy Cross after that date were in response to threatened litigation and, therefore, are privileged and protected from disclosure, and Defendant is not required to generate a Privilege Log of such documents. Finally, Defendant is not agreeable to producing a Privilege Log of death

reviews from every facility it has ever operated at for an indefinite period of time, nor will Defendant agree to any discovery from other facilities beyond Weld County Detention Center. As this Request relates to Weld County, Defendant is not currently withholding any documents based on privilege but is continuing to conduct a diligent search and will supplement if any such responsive documents are discovered.

**REQUEST FOR PRODUCTION NO. 15**: Produce all investigative documents and materials of any kind or nature relating to the conditions of confinement or medical care and treatment given to Amy Cross. Please be sure to include any root cause analysis, incident report, or any similar type of internal review of the conditions of confinement or medical care and treatment given to Amy Cross. This requests includes, but is not limited to:

> a.   All documents and materials considered in connection with such review;
>
> b.   All documents and materials consulted in connection with such review;
>
> c.   All documents and materials produced, created or authored by any person in connection with such review, including all those listed at Weld Defendants 209-210.

**RESPONSE TO RESPONSE FOR PRODUCTION NO. 15 [Renumbered 26]**: Defendant objects to this Request as on its face it appears to seek information that may be protected by the attorney-client and/or the work-product privileges and/or documents and are therefore not subject to disclosure under the Federal Rules.

Subject to and without waiving the foregoing objections, Defendant is currently unaware of any documents responsive to this Request outside of Ms. Cross's medical records produced herein, the investigative records of Greeley Police Department, and the Medical

Examiner's Autopsy Report. Defendant does not have a root cause analysis, incident report, or other internal review related to Ms. Cross's death responsive to this Request. Any remaining responsive documents are privileged and protected attorney work product generated in response to litigation and, as such, do not require disclosure in a Privilege Log.

**Requests for Production 16 & 17 are directed to Weld County Defendants:**

**REQUEST FOR PRODUCTION NO. 16**: Produce the contents of each tab of the "J-Logs" (Jail Activity or Behavior Lobs) previously provided at Weld Defendants 00316-319, including the "additional Info," "Inmates Involved", "Officers Involved", "Medical", and "Visitation" tabs.

**RESPONSE TO RESPONSE FOR PRODUCTION NO. 16 [Renumbered 27]**: Plaintiff's Request for Production No. 16 [Renumbered 27] is not direct to Defendant Turn Key; therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 17**: Produce the entire personnel files, including any and all training records, complaints, grievances, commendations, disciplinary records, records reflecting dates of hire and change in title or position for Kendra Betz, Hunter Aslin, Michael Beaman, Michael Recor, Mariah Marquez, and Gabriel Gatzke. Plaintiff is amenable to redactions for purely personal information such as dates of birth, home addresses, social security numbers, and other purely personal information.

**RESPONSE TO RESPONSE FOR PRODUCTION NO. 17 [Renumbered 28]**: Plaintiff's Request for Production No. 16 [Renumbered 27] is not direct to Defendant Turn Key; therefore, no response is required.

**Request for Production 18 is directed to Defendant Turn Key:**

**REQUEST FOR PRODUCTION NO. 18**: Produce each Defendant's entire personnel file, including any and all training records, complaints, grievances, disciplinary records, records reflecting dates of hire and change in title or position. Plaintiff is amenable to redactions for purely personal information such as dates of birth, home addresses, social security numbers, and other purely personal information.

**RESPONSE TO RESPONSE FOR PRODUCTION NO. 18 [Renumbered 29]**: Objection. This request is overly broad (scope), not reasonably limited in time, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information that may be confidential and/or proprietary to Defendant.

Subject to and without waiving the foregoing objections, please see the personnel files the Individual Defendants, produced herein from the date of their hire through September 30, 2021. Defendant has not withheld production of any documents, regardless of date, which may relate to Amy Cross. These documents, produced herein as Bates Nos. TK002289-TK002414 (Erica Aguirre), TK002415-2533 (Kristin Miller), TK002534-002744 (Beatriz Ortiz), and TK002745-002864 (Teresa Sipola), are produced subject to the Protective Order and are specifically designated as "CONFIDENTIAL." Defendant has also withheld from production any employee financial, tax, employee benefits, or health records (i.e., W-4s, W-2s, I-9s, Immunization Records, Social Security Cards, and Direct Deposit Forms, Retirement, Health Insurance).

<u>**REQUEST FOR INSPECTION**</u>

**REQUEST FOR INSPECTION NO. 1**: Pursuant to F.R.C.P. 34, Plaintiffs request an

30

inspection by their counsel of the areas of Weld County Jail that Ms. Cross was in during the subject confinement, including the Medical Unit, the housing areas in which she was held, and the areas used to transport her between housing and medical. Plaintiffs also request an inspection of body scan images of Amy Cross in native format, and Turn Key/Weld County's CorEMR system with access to the medical record for Amy Cross from September 3 to September 10, 2021. Plaintiffs are specifically asking to be able to click on the different tabs associated with Amy Cross' medical record and see the underlying information in the various formats (including the time and date of entry) available through CorEMR for Ms. Cross. Plaintiffs are willing to do this at a mutually agreeable time and location.

**RESPONSE TO REQUEST FOR INSPECTION NO. 1**: Defendant objects to this Request as overly broad, unduly burdensome, and in seeking to impose a duty upon Defendant greater than that required under the Federal Rules, which only require Defendant to produce business records as they are kept in the usual course of business in a "reasonably usable form." Fed. R. Civ. P. 34(E)(i) and Fed. R. Civ. P. 34(a)(1)(A). Defendant has already produced Ms. Cross's CorEMR records in the printable format generated under CorEMR, which includes Ms. Cross's complete medical record and is a reasonably usable form compliant with Defendant's discovery obligations under Fed. R. Civ. P. 34(E)(ii) and Fed. R. Civ. P. 34(b)(B) ("The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection."). Furthermore, the Federal Rules provide that Defendant "need not produce the same electronically stored information in more than one form." Fed. R. Civ. P. 34(E)(iii). Plaintiff's request for inspection is unduly burdensome, violative of Rule 34, is needlessly cumulative/duplicative, is not proportional to the needs of this case, is not probative of

any material issue in this case, and serves only to harass, burden, and oppress Defendant and its employees. Defendant has complied with its discovery obligations with respect to production of Amy Cross's medical records.

Defendant adamantly and unequivocally objects to any inspection of its CorEMR health records system, as there is no method of coordinating such inspection without breaching Defendant's obligations under state and federal law to preserve and prevent from disclosure the protected health information of other patients who have not waived their legitimate rights to privacy under HIPAA and Colorado law. The CorEMR system interface cannot be logged into and navigated without viewing other patients' protected health information. Moreover, Defendant does not agree to Plaintiff, Plaintiff's counsel, or any other representatives of Plaintiff having access to its highly sensitive patient health records portal. Defendant is exploring whether it is possible to export Ms. Cross's electronic health data in native format, which would be at Plaintiff's expense and would require Plaintiff to procure access to the CorEMR software at her own expense.

Respectfully submitted,

Alexandra G. Ah Loy, OBA #31210
HALL BOOTH SMITH, P.C.
6301 Waterford Blvd., Ste. 200
Oklahoma City, OK 73118
Telephone: (405) 513-7111
Facsimile: (405) 768-1414
E-Mail: AllieAhLoy@hallboothsmith.com
*Attorney for Defendants Turn Key Health Clinics, LLC, Erica Alcaraz, Beatriz Ortiz, Kristin Miller, and Teresa Sipola*

## CERTIFICATE OF SERVICE [SERVE-ONLY]

I hereby certify that a true and correct copy of the foregoing *First Set of Interrogatories, Requests for Production, and Request for Inspection to Plaintiffs* was mailed via e-mail on the 7th day of June, 2023, to the following:

Anna Holland Edwards: anna@hheglaw.com
Erica T. Grossman: erica@hheglaw.com
Rachel C. Kennedy: rachel@hheglaw.com
Matthew J. Hegarty: hegartym@hallevans.com

ALEXANDRA AH LOY