**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-3143-DDD-SBP

THE ESTATE OF AMY LYNN CROSS,
by and through its personal representative Jennifer Bauder;
V.C., through his guardian, Jennifer Bauder
R.C., through his guardian, Jennifer Bauder
K.C., through her guardian, Lisa McMullen

    Plaintiffs,

v.

TURN KEY HEALTH CLINICS, LLC
ERICA ALCARAZ, individually,
BEATRIZ ORTIZ, individually,
KRISTIN MILLER, individually,
TERESA SIPOLA, individually,
BOARD OF COUNTY COMMISSIONERS, WELD COUNTY;
SHERIFF STEVE REAMS, in his official capacity;

    Defendants.

---

**TURN KEY HEALTH CLINICS, LLC'S RESPONSES TO
PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

---

COMES NOW, Defendant, Turn Key Health Clinics, LLC ("Defendant"), and for its Responses to Plaintiff's Second Set of Interrogatories, Requests for Production and Requests for Admission ("Plaintiff's Discovery"), responds and states as follows:

**GENERAL OBJECTIONS**

These general objections are asserted with respect to all requests answered herein, and in addition to the specific objections set forth below:

    1.    Pursuant to the Federal Rule of Civil Procedure 26(b)(1) and the Federal Rule of Evidence 401, Defendant objects to any and all Requests that are not relevant to the subject matter

of the pending action and not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to Plaintiff's discovery requests to the extent they purport to impose duties or obligations in addition to, inconsistent with, or different from the requirements set forth in the Federal Rules of Civil Procedure and Federal Rules of Evidence.

3. Pursuant to the attorney/client privilege, Defendant objects to the production or disclosure of any information or document that pertains to or consists of confidential communications made for the purpose of facilitating the rendition of legal services to Defendant which are, therefore, subject to the attorney/client privilege. Defendant also objects to the production or disclosure of any document or information that constitutes attorney work product or was prepared in anticipation of litigation or trial for Defendant or any of its representatives, or that is otherwise beyond the scope of discovery or admitted by the Federal Rules.

4. Defendant objects to Plaintiff's discovery requests to the extent they purport to require Defendant to identify or produce information or documents that are not in its custody or control. Defendant may identify and produce relevant non-privileged and non-protected information or documents that are presently in the custody or control of Defendant.

5. Defendant does not concede the relevancy of any document or information requested by Plaintiff nor the relevancy or admissibility of any information provided, or documents produced in response thereto. The fact that information is provided, or documents produced in response to a particular Request does not mean that it such information and/or documentation is probative of any particular issue in this matter or admissible at trial.

6. Information provided herein is based upon the knowledge of Defendant, but the words used in the answering of Plaintiff's discovery requests are those of Defendant's counsel.

7. Defendant objects to any Request to the extent it exceeds the allowable scope of

2

discovery under the Federal Rules of Civil Procedure.

8. If any work product or privileged document or information is inadvertently produced in responses to these or other discovery requests, Defendant reserves the privilege with respect to the document or information so inadvertently produced, as well as its right to object to inspection and copying of such document or information, and its right to demand return of such document or information or object to the admissibility thereof.

9. Defendant reserves the right to supplement, modify, and/or correct its Responses contained herein.

10. To the extent documents responsive to any of the following discovery requests have already been produced by Defendant, Defendant refers Plaintiff to such records and hereby incorporates the same in its responses to the following requests.

Subject to the foregoing objections, Defendant responds as follows:

## II. INTERROGATORIES

**INTERROGATORY NO. 7:** Identify and describe Turn Key's investigative findings related to its' internal sentinel event review following the death of Ms. Cross, as referred to in Turn Key's response to Request for Production No. 14. Produce any documents related to your response, including communications with Weld County wherein they declined to meet due to their CIRT Investigation.

**RESPONSE TO INTERROGATORY NO. 7:** Defendant objects to this Interrogatory as vague, overly broad in scope, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information and/or documents protected from disclosure by attorney-client privilege, the work product doctrine, and/or which were prepared in anticipation of litigation. Further, Defendant objects to this Interrogatory as constituting a separate Request

3

for Production. Defendant has incorporated Plaintiffs' Request for Production contained within this Interrogatory as Request for Production No. 24, below. Subject to said objections and without waiving the same, both Donna Roberts, RN, Vice President of Clinical Operations and Dr. William Cooper, Chief Medical Officer, reviewed Amy Cross's medical records to determine whether the care rendered by Defendant's medical staff to Amy Cross was appropriate. Additionally, Dr. Cooper spoke with Teresa Sipola, APRN to discuss his findings of the investigation. Upon completion of his review, Dr. Cooper determined Defendant's medical staff, at all times relevant to this matter, rendered appropriate medical care and treatment to Amy Cross. Further, in response to this interrogatory, Defendant designates the deposition testimony of Teresa Sipola, p. 60, ln. 17-p. 61, ln. 14; p. 64, ln. 1-p. 65, ln. 12. Defendant further states that it contacted Matt Elbe with Weld County in an attempt to coordinate Dr. Cooper's review of the jail video related to Ms. Cross's care as a part of the sentinel event investigation. However, due to the ongoing CIRT investigation, Mr. Elbe informed Turn Key that they could "not allow any administrative process to run parallel" to the CIRT investigation and, therefore, denied Dr. Cooper access to watch Ms. Cross's jail video related to her medical care. To the best of its information and belief, Weld County did not notify Turn Key of the completion of the CIRT investigation until after this lawsuit was filed. Please see TKHC004680-004690.

### III. REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 17:** Produce all documents and materials reflecting any audit, inspection or review of jail health services or any aspect thereof conducted from 2019 to the end of Turnkey's contract at Weld County, including any reviews of whether Turn Key provided health care in accordance with NCCHC accreditation standards as represented

4

at Weld 5785, and audits by outside vendors arranged by Weld County. *See* Weld Defendants 5854.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:** Defendant objects to this Request for Production as vague, overly broad in scope, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information and/or documents protected from disclosure by attorney-client privilege, the work product doctrine, and/or which were prepared in anticipation of litigation. Subject to said objections and without waiving the same, Defendant states that the Weld County Detention Center was not accredited by the National Commission on Correctional Health Care ("NCCHC") at any time when Turn Key was contracted for the provision of healthcare services there with Weld County. Turn Key is unaware of any documents within its possession, custody or control which are responsive to this Request. To the extent any audits or other responsive documents exist which were conducted by Weld County and/or any independent vendor(s), the same would be in the possession, custody, and/or control of Weld County, as Turn Key no longer provides correctional healthcare services to Weld County.

**REQUEST FOR PRODUCTION NO. 18**: Produce all documents reflecting or relating to any budgetary, fiscal or financial concerns relating to the cost of medical care for inmates and/or detainees at Weld County. This includes all internal or external correspondence of any kind or nature, including correspondence to or from Weld County staff, by and between Turn Key representatives or any of them, and any correspondence of any kind or nature by and between any representative of Weld County and Turn Key whether or not the Contract was in effect at that time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:** Defendant objects to this request or production of documents as vague to the extent it is impossible to reasonably determine what documents Plaintiff seeks by way of this request, compound, overly broad, and not

5

reasonably calculated to lead to the discovery of admissible evidence. There is no evidence that financial considerations played any in role in the death of Amy Cross or that such considerations impact Defendant's delivery of patient care. Subject to said objections and without waiving the same, Turn Key designates the deposition testimony of Erica Aguirre, p. 269, lns. 10-19; the deposition testimony of Beatriz Ortiz, p. 50, lns. 14-24; p. 180, ln. 24-p. 181, ln. 5; p. 185, lns. 9-12; 9. 190, lns. 7-9; the deposition testimony of Kristin Miller, p. 21, lns. 11-19; p. 22, lns. 6-20; p. 45, ln. 13-p. 46, ln. 9; and the deposition testimony of Teresa Sipola, p. 65, lns. 9-12; p. 271, lns. 17-24; p. 282, ln. 12-p. 284, ln. 11. Finally, Turn Key further states that, after conducting a diligent search, no responsive documents were located.

**REQUEST FOR PRODUCTION NO. 19**: Produce all documents and materials relating to any budget for operations in connection with providing health care services for inmates and/or detainees at the Weld County Jail including, but not limited to, any actual or projected budget, budget line-items, budget breakdown by category, all monthly invoices which itemize amounts in excess of the annual maximum for outside medical services or include per diem charges as detailed at Weld Defendants 5827, 5842, and documents or materials reflecting and analysis of actual costs and expenses relative to budget for the years 2019 through the end of the contract. To the extent any such invoice was questioned, disputed or challenged in any way, provide all documents relating to such question, dispute or challenge and any responses or replies thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:** Defendant objects to this request for production of documents as vague, overly broad, compound, and not reasonably calculated to lead to the discovery of admissible evidence. The documents which Plaintiff seeks to request here are not probative of any issues relating to this case. There is no evidence that financial considerations played any in role in the death of Amy Cross or that such considerations

6

impact Defendant's delivery of patient care. Subject to said objections and without waiving the same, Turn Key designates the deposition testimony of Erica Aguirre, p. 269, lns. 10-19; the deposition testimony of Beatriz Ortiz, p. 50, lns. 14-24; p. 180, ln. 24-p. 181, ln. 5; p. 185, lns. 9-12; 9. 190, lns. 7-9; the deposition testimony of Kristin Miller, p. 21, lns. 11-19; p. 22, lns. 6-20; p. 45, ln. 13-p. 46, ln. 9; and the deposition testimony of Teresa Sipola, p. 65, lns. 9-12; p. 271, lns. 17-24; p. 282, ln. 12-p. 284, ln. 11. Further, please see Weld Defendants 08369-08461 (invoices). Defendant reserves the right to supplement its response to this request should any responsive documents be located.

**REQUEST FOR PRODUCTION NO. 20**: Produce all documents reflecting or relating to any communications between any representative of Weld County Sheriff's Office and any representative of Turn Key relating to the following Reporting required by the RFP, Bid, or policy since January 1, 2020 to the present:

- Contract Administrator Daily Reports (Weld Defendants 5866-70);
- Statistical reports generated by Turn Key for review at Medical Advisory Committee (MAC) Meetings as detailed at Weld Defendants 5768, 5841;
- Real time, web-based claims tracking (Weld Defendants 5773);
- Time sheets, invoices, charge slips, credentialing statements, continuing education and training records, and any other data, records and accounts relating to Turn Key's work and performance under the Contract (Weld Defendants 5846).
- Monthly and daily statistical reports as detailed at Weld Defendants 5848-49;
- Notifications to the Contract Administrator that an inmate has been admitted to the hospital and daily updates (Weld Defendants 5849);
- Completed "Offsite Notification forms" as described at TK 2161;

7

- Turn Key's comprehensive quality improvement activity that monitored the health services provided as required at Weld Defendants 5849; and

- All documents and materials related to Turn Key's "financial strength" from 2018 to present, including all records reflecting Turn Key's assets versus liabilities, long-term debt, access to capital, trends in operating revenue, and audited financials. *See* Weld 5777, 5843.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:** Defendant objects to this request for production of documents as vague, compound, unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent this request seeks production of protected health information of any patients other than Amy Cross and to the extent the documents sought are protected from disclosure by attorney-client privilege, the work product doctrine, and/or which were prepared in anticipation of litigation. Subject to said objections and without waiving the same and to the extent possible, Defendant responds to each subpart of the several distinct subparts of this request for production of documents as follows:

- Please see Weld Defendants 08484-09404, Contract Administrator Daily Reports.

- Defendant conducted a diligent search, and no Medical Advisory Committee Meeting minutes were located for the time period specified in this request. Please see Weld Defendants 08462-08471.

- Defendant conducted a diligent search and no real-time, web-based claims tracking documents were located with respect to Amy Cross at any period of time. Defendant specifically objects to production of any real-time, web-based claims tracking

8

documents related to patients other than Amy Cross as the same are irrelevant and protected from disclosure by HIPAA, 42 U.S.C. § 1320d, *et seq.*

- Defendant objects to the request for time sheets, charge slips, credentials statements, continuing education and training records, any other data, records and accounts relating to Turn Key's work and performance under the contract as vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objects and without waiving the same, please see Weld Defendants 08369-08461 (invoices), Weld Defendants 08484-09404 (Contract Administrator Daily Reports), TK002104-002128 (time detail reports), and TK002935-003255 (orientation modules), and TK003333-003872 (educational materials). With respect to time sheets specifically, any such responsive documents, to the extent they exist, are in the possession, custody, and/or control of Weld County, as Defendant no longer provides correctional healthcare services to Weld County.

- Please see, Weld Defendants 08484-09404 (Contract Administrator Daily Reports). Defendant has conducted a diligent search and did not locate any additional documents responsive to this request.

- Defendant objects to Plaintiff's request for production of notifications to the contract administrator that an inmate has been admitted to the hospital as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections and without waiving the same, Defendant conducted a diligent search and no responsive documents were located with respect to Amy Cross at any point in time.

- Defendant has conducted a diligent search for documents responsive to Plaintiff's request for production of "Offsite Notification forms" relating to Amy Cross and no

9

responsive documents were located at any point in time. To the extent Plaintiff seeks similar documents related to patients other than Amy Cross, Defendant objects to the production of the same as they are not reasonably calculated to lead to the discovery of admissible evidence and are protected from disclosure by HIPAA, 42 U.S.C. § 1320d, *et seq.*

- Defendant objects to Plaintiff's request for "comprehensive quality improvement activity" documents as vague. Subject to said objection and without waiving the same, to the extent any additional documents responsive to this request exist, the same would be in the possession, custody, and/or control of Weld County, as Defendant no longer provides correctional healthcare services to Weld County. Further, please see Weld Defendants 08484-09404 (Contract Administrator Daily Reports).

- Defendant objects to Plaintiff's request for production of documents relating to its "'financial strength' from 2018 to the present" as vague and, to the extent Plaintiff seeks documents post-dating the death of Amy Cross, irrelevant. There is no evidence that financial considerations played any in role in the death of Amy Cross or that such considerations impact Defendant's delivery of patient care. Subject to said objections and without waiving the same, Turn Key designates the deposition testimony of Erica Aguirre, p. 269, lns. 10-19; the deposition testimony of Beatriz Ortiz, p. 50, lns. 14-24; p. 180, ln. 24-p. 181, ln. 5; p. 185, lns. 9-12; 9. 190, lns. 7-9; the deposition testimony of Kristin Miller, p. 21, lns. 11-19; p. 22, lns. 6-20; p. 45, ln. 13-p. 46, ln. 9, and; the deposition testimony of Teresa Sipola, p. 65, lns. 9-12; p. 271, lns. 17-24; p. 282, ln. 12-p. 284, ln. 11. Further, please see Weld Defendants 08473-08483 and TKHC004691-004700.

**REQUEST FOR PRODUCTION NO. 21**: Produce every chart entry Ms. Ortiz and Ms. Alcaraz made on September 4 and 5, 2021. Plaintiffs are amenable to redactions of patient identifying information (only) at this point, without waiver of later objection.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:** Defendant objects to this request for production as wholly irrelevant and lacking in any probative value. Medical care rendered by Ms. Ortiz and Ms. Alcaraz to unrelated patients is entirely irrelevant, as it bears no relation to Plaintiff's claims and/or Defendant's defenses in this case. Defendant further objects on the grounds the documents sought are highly confidential and are protected from disclosure by HIPAA, 42 U.S.C. § 1320d, *et seq*. As such, Defendant strongly objects to producing any part of the protected health information of patients who have not consented to such and have nothing to do with this litigation, and this is no more than an improper fishing expedition. Finally, Defendant objects on the grounds that it no longer maintains the CorEMR medical records system at Weld County Detention Center and therefore does not have access to the requested medical records.

**REQUEST FOR PRODUCTION NO. 22**: Produce the Audit Trail for Ms. Cross's records from the Subject Confinement, including any entries made after she died.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:** Defendant objects to this request for production as vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections and without waiving the same, Defendant conferred with its information technology vendor and determined its CorEMR did not have audit trial capabilities at the time relevant to the care and treatment of Amy Cross. Further, Defendant is no longer the records custodian for the CorEMR at Weld County as it is no longer providing correctional health care services to Weld County.

**REQUEST FOR PRODUCTION NO. 23**: Produce all mortality reviews, morbidity reports, root cause analyses, sentinel event reports, or any similar type of internal investigations or reviews relating to the following Turn Key patients: Lacee Danielle Marez, Curtis Gene Pruett, Robert Allen Autry, Michael Edwin Smith, James Buchanan, Trillus Smith, Caleb Lee, Angela Yost, and Misty Bailey. *If no mortality review exists, please so state and identify the basis for not conducting one.*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:** Defendant objects to this request for production as vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent the documents sought are protected from disclosure by attorney-client privilege, the work product doctrine, and/or were prepared in anticipation of litigation. The documents sought here, to the extent such may exist, have no probative value whatsoever as they bear no relation to Plaintiff's claims and Defendant's defenses in this litigation. As such, they are wholly irrelevant. This case involves a death at Weld County. None of the persons referenced above were inmates at Weld County. Further, to the extent Plaintiff seeks "mortality reviews," such documents cannot exist for Michael Edwin Smith, James Buchanan, and Misty Bailey, as those inmates did not die in custody. Finally, to the extent this request seeks production of documents protected from disclosure by HIPAA, 42 U.S.C. § 1320d*, et seq.,* Defendant further objects to production of the same. Finally, Defendant objects to this Request as no more than an improper fishing expedition with no probative value to any of the material issues in this case.

**REQUEST FOR PRODUCTION NO. 24**: Produce any documents related to your response, including communications with Weld County wherein they declined to meet due to their CIRT Investigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**: Defendant objects to this Request as vague, overly broad in scope, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information and/or documents protected from disclosure by attorney-client privilege, the work product doctrine, and/or which were prepared in anticipation of litigation. Subject to and without waiving these objections, please see the produced Privilege Log and Turn Key's document production of communications with Lieutenant Matt Elbe related to its request to review jail video to complete its sentinel event communication, produced herein as Bates Nos. TKHC004680-004690.

### IV. REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**: Admit that Turn Key staff did not follow the Procedure in the Event of Inmate Death (TK002138 et seq) regarding the death of Amy Cross. If denied, state each and every fact on which you rely to deny this request for admission in whole or in part and produce any documents related to your response to this request for admission.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**: Denied as stated. Weld County was not accredited by the National Commission on Correctional Health Care ("NCCHC") at any time relevant to Turn Key being contracted to provide healthcare services within the Weld County Jail and therefore that body's standards are inapplicable. Defendant further states that Donna Roberts, RN, Vice President of Clinical Operations and Dr. William Cooper, Chief Medical Officer, reviewed Amy Cross's medical records. Dr. Cooper also spoke with Teresa Sipola, APRN related to the medical care. Based on the same, Dr. Cooper and Ms. Roberts determined that the medical care and treatment provided to Amy Cross by Turn Key medical staff was reasonable and appropriate at all times and met or exceeded the applicable standard of care. Defendant further states that it contacted Matt Elbe with Weld County in an

attempt to coordinate Dr. Cooper's review of the jail video related to Ms. Cross's care as a part of the sentinel event investigation. However, due to the ongoing CIRT investigation, Mr. Elbe informed Turn Key that they could "not allow any administrative process to run parallel" to the CIRT investigation and, therefore, denied Dr. Cooper access to watch Ms. Cross's jail video related to her medical care. To the best of its information and belief, Weld County did not notify Turn Key of the completion of the CIRT investigation until after this lawsuit was filed.

**REQUEST FOR ADMISSION NO. 2**: Admit that a Clinical Mortality Review was not conducted related to the death of Amy Cross, as described in the Procedure in the Event of Inmate Death (TK002138 et seq). If denied, state each and every fact on which you rely to deny this request for admission in whole or in part and produce any documents related to your response to this request for admission.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**: Denied as stated. See Defendant's response to Plaintiffs' Request for Admission No. 1.

**REQUEST FOR ADMISSION NO.3:** Admit that treating staff were not informed of the clinical mortality review and administrative review findings, as described in paragraph 3 of the Procedure in the Event of Inmate Death (TK002138 et seq). If denied, state each and every fact on which you rely to deny this request for admission in whole or in part and produce any documents related to your response to this request for admission.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**: Denied as stated. See Defendant's response to Plaintiffs' Request for Admission No. 1.

**REQUEST FOR ADMISSION NO.4:** Admit that no log was created or maintained regarding Amy Cross, as described in paragraph 4 a-h of the Procedure in the Event of Inmate Death (TK002138 et seq). If denied, state each and every fact on which you rely to deny this request for

14

admission in whole or in part and produce any documents related to your response to this request for admission.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**: Denied as stated. See Defendant's response to Plaintiffs' Request for Admission No. 1.

Respectfully submitted,

/s/ Timothy F. Campbell
Alexandra G. Ah Loy, OBA #31210
Timothy F. Campbell, OBA #30513
HALL BOOTH SMITH, PC
6301 Waterford Blvd., Suite 200
Oklahoma City, Oklahoma 73118
(405) 513-7111 Office
(405) 768-1414 Facsimile
allieahloy@hallboothsmith.com
tcampbell@hallboothsmith.com

*Attorneys for Defendant Turn Key Health Clinics, LLC, Erica Alcaraz; Beatriz Ortiz, Kristin Miller and Teresa Sipola*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Turn Key Health Clinic, LLC's Responses to Plaintiff's Second Discovery Requests* was sent via electronic mail on the 29th day of December, 2023, to the following:

| | |
|---|---|
| Rachel Kennedy | rachel@hheglaw.com |
| Erica Grossman | erica@hheglaw.com |
| Anna Holland Edwards | anna@hheglaw.com |
| Matthew J. Hegarty | hegartym@hallevans.com |
| David A. Belsheim | belsheimd@hallevans.com |

/s/ Timothy F. Campbell
Timothy F. Campbell

15

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-3143-DDD-SBP

THE ESTATE OF AMY LYNN CROSS,
by and through its personal representative Jennifer Bauder;
V.C., through his guardian, Jennifer Bauder
R.C., through his guardian, Jennifer Bauder
K.C., through her guardian, Lisa McMullen

    Plaintiffs,

v.

TURN KEY HEALTH CLINICS, LLC
ERICA ALCARAZ, individually,
BEATRIZ ORTIZ, individually,
KRISTIN MILLER, individually,
TERESA SIPOLA, individually,
BOARD OF COUNTY COMMISSIONERS, WELD COUNTY;
SHERIFF STEVE REAMS, in his official capacity;

    Defendants.

## VERIFICATION

State of Oklahoma )
                           )
County of Oklahoma )

    Before me, the undersigned authority, personally appeared Austin Young, JD, known to me personally to be the person whose signature is subscribed hereto, and after being, by me, duly sworn, deposed and stated that he is General Counsel for Turn Key Health Clinics, LLC, a defendant in the above-entitled and numbered cause, and that *Turn Key's Responses to Plaintiff's Second Set of Discovery Requests* are true and correct to the best of his knowledge, information and belief.

                                                                       *Austin Young, General Counsel*

Subscribed and sworn before me this 29th day of December 2023.

Carla Zellner
Notary Public

My commission expires:
10/06/26

